## Charles Jackson v. The City of Detroit.

Equity will not interfere to relieve a party on the ground that assessments are irregular and unauthorized by the strict provisions of law, where they are substantially authorized by and made in reliance upon his own express agreement.

*Heard May 6th. Decided May 27th.*

Appeal in Chancery from Wayne Circuit.

*Morrow & Davison* for complainant.

*Ross & McEntee* and *Walker & Kent* for defendant.

CAMPBELL J.:

A bill was filed in this cause setting up that an assessment has been made and is about being enforced against complainant, for paving in front of his property on Washington Avenue in the city of Detroit. The objections urged against the validity of the assessment are based upon certain provisions of the charter, whereby the powers of the city are limited, and certain rules are laid down for governing the management of public expenditures.

The principal objections urged were, that under the charter all work of the kind in question must be done by the lowest bidder, who puts in proposals after a previously determined period of advertising: that it must be done within the year when ordered: and that no extension of the time was legal on a contract made when the one in controversy was made; and also that no contract could be extended at all unless the work had been commenced under it. All these provisions are claimed to have been violated.

It appears by the answer that, before this street was ordered to be paved, an ordinance was submitted to the property owners on Washington Avenue, and accepted by them, whereby they were allowed to ornament and enclose a wide strip on each side of the street, and have the

roadway paved or gravelled, within eighteen months, according to the adopted plans and specifications for 1860, the year when the contract was let.   In accepting this proposition, the lot owners assented that the paving and sidewalk expenses might be assessed and collected under the ordinances and charter in the usual manner.

As the time had been fixed so as to allow the work to be done within eighteen months, we can hardly presume that it was the design of the parties in accepting the proposition of the city to destroy this important provision. Taken together we think that the terms of the consent were merely designed to permit the city to get at the proper assessments, and to collect them, in the usual manner, but not to require contracts to be limited to the year 1860, or to make any new advertisement, inasmuch as the plans and specifications for paving had, as appears from the contract itself, been already adopted, and are expressly assented to.   These appear from the answer to have been general, and designed to apply to all streets.

We do not think that a court of equity can properly interfere to relieve a party, on the ground that assessments are irregular and unauthorized by the strict provisions of law, where they are substantially authorized by and made in reliance upon his own express agreement.   There is no charge or pretence that the work has been badly done, or at extravagant rates, nor is there any showing of bad faith.   Whether therefore the agreement was void as set up on the argument, or whether the assessments can be lawfully collected, we do not feel authorized to inquire. Where an agreement has been substantially carried out, and the party at whose instance or by whose consent the work is done seeks to avoid paying for it without showing any want of equity in the other contracting party, he must seek his redress in some other tribunal.   A court of equity ought not to relieve under such circumstances.

10 MICH.—Q.

The bill was properly dismissed, and the decree below must be affirmed, with costs.

The other Justices concurred.