DEERE, WELLS & COMPANY V. P. F. HODGES ET AL.

FILED NOVEMBER 23, 1899. No. 9,014.

1. **Appeal Bonds:** APPROVAL. The requirement of statute that an appeal undertaking be approved by a county judge is mandatory, and it must be presented for approval within ten days from the rendition of the judgment.

2. **Legal Holidays:** SUNDAYS: COURTS. No court can be opened, nor any judicial business be transacted, on Sunday, or on any legal

Deere v. Hodges.

holiday, except certain matters specifically designated in the statutes.

3. ———: ———: APPEAL BONDS: APPROVAL. Where the time for furnishing an appeal bond on the tenth day from the date of the judgment expires on a Sunday, ordinarily the approval may be of the following day, or Monday.

4. ———: ———: ———: ——-—. The approval by a county judge of an appeal bond on a legal holiday, if in the nature of a judicial act, is not within the inhibition of section 38, chapter 19, Compiled Statutes, which provides that "no court can be opened, nor can any judicial business be transacted, on Sunday, or on any legal holiday," and the approval is valid.

5. Appeal Bonds: AMENDMENTS. An appeal undertaking must be in double the amount of the judgment and costs. If insufficient in amount, it may be amended.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*C. S. Rainbolt* and *Mockett & Polk*, for plaintiff in error.

*Lamb & Adams, contra.*

HARRISON, C. J.

On March 7, 1895, an action of replevin was instituted in the county court of Lancaster county to recover the possession of certain articles of personal property. The property was taken under the writ issued, and, on execution and delivery of a bond, was delivered to the plaintiffs. Issues were joined in the county court, and the jury called, and before whom there was a trial, rendered the following verdict: "We, the jury, impaneled and sworn in this cause, find that the right of property and possession of the goods replevied in this cause was, at the time this action was commenced, in the plaintiff, and we assess its damages in the premises at $286.30." In the transcript of the proceedings the foregoing entry is immediately followed by this: "It is therefore considered that the plaintiff recover of the defendants its damages aforesaid, with costs of this suit, taxed at

23

$103.70." It further appears in the transcript that on April 22, 1895, an appeal bond was filed and approved; that it was in the sum of $100, and signed by Noah Hodges as surety, who was also a defendant in the action, and had answered therein disclaiming any interest except a claim of $5 due him for storage of the property involved in the suit. There is also an entry of date May 6, 1895, from which it appears that objection had been made to the appeal bond, and defendants, on motion, were granted leave to file a new appeal bond, which they did on May 7, 1895. The new bond was signed by a person who was not a party to the suit, and was in the same amount as the former undertaking—$100. After the cause had been transferred to the district court counsel for plaintiffs filed a motion to dismiss the appeal, which read as follows:

"Comes now the plaintiff and moves the court to dismiss the appeal in this cause for the following reasons:

"1. No appeal bond has been filed within ten days from the date of the judgment, as is required by law.

"2. No bond for the amount required by law has been filed.

"3. The court had no authority to file and approve the bond in said case filed on the 7th day of May, 1895.

"4. Noah Hodges, the surety on the bond filed for appeal, is and was a party to the suit."

On hearing, this motion was overruled, and for the plaintiffs there was filed the following: "Comes now the plaintiff and moves the court for an order requiring the defendants to file a good and sufficient appeal bond in the sum of $780, as required by law, for the reason that the bond now on file for $100 is wholly inadequate," which was overruled, as was also an application for a rehearing on the motion. The issues were then made up, a trial ensued, and there was a verdict and judgment for defendants. The plaintiffs have prosecuted an error proceeding to this court.

As we have seen, in the district court there was a mo-

tion to dismiss the appeal, several reasons being assigned why such action should be taken, one of which was that no appeal bond had been filed within ten days of the time of rendition of judgment, and another that what had been filed as an appeal bond was insufficient in amount. In regard to the first ground of the motion which we have stated, the record discloses that what at least purported to be an appeal bond was filed in the county court, and approved of date April 22, 1895. The date of the judgment was April 11, 1895. An undertaking should have been executed and approved by the county judge within ten days from the rendition of the judgment. See Code of Civil Procedure, sec. 1007; Compiled Statutes, ch. 20, sec. 26.

April 21 was the tenth day; but it was Sunday, and was to be excluded. See Code of Civil Procedure, sec. 895. If the tenth day of the time within which an appeal bond must be given falls on a Sunday, it shall be excluded, and the undertaking may be given on the following Monday. See *Monell v. Terwilliger*, 8 Nebr., 360. In the matter of the appeal in the case at bar, the following Monday, April 22, 1895, was a legal holiday, and "No court can be opened, nor can any judicial business be transacted, on Sunday, or on any legal holiday, except—1st. To give instructions to a jury then deliberating on their verdict. 2d. To receive a verdict or discharge a jury. 3d. To exercise the powers of a single magistrate in a criminal proceeding. 4th. To grant or refuse a temporary injunction or restraining power." See Compiled Statutes, ch. 19, sec. 38. The provisions of the statute, that the appeal undertaking be approved by the judge and filed within ten days, were mandatory. See 1 Ency. Pl. & Pr., 1007 and note; *Hier v. Anheuser-Busch Brewing Ass'n*, 52 Nebr., 144. The giving of an appeal bond was a proceeding in the cause (*O'Dea v. Washington County*, 3 Nebr., 118), and its approval may have been an act judicial in its nature, not merely ministerial; but was not a transaction of judicial business such as is prohibited

by the section of the statute we have quoted.  See *Spaulding v. Bernhard*, 76 Wis., 368.

It has been determined in this state that an action of mandamus will lie, and the writ issue, to require the approval of an appeal undertaking by a justice of the peace (*State v. Clark*, 24 Nebr., 318), which indicates that the act of approval was viewed as somewhat ministerial in its nature, and subject to control.

The bond was insufficient in amount.  The statute requires it to be double the amount of the judgment and costs.  See sections of the law hereinbefore cited.  It was in the sum of $100.  This was not even double the amount of the costs, if we allow the credit of costs paid by the appellant as disclosed by the record; and there should have been an order to amend within a stated time, by a designated date, and, in the event of a noncompliance, that the appeal stand dismissed.  For the error indicated the judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.