STATE OF NEBRASKA, EX REL. BANKERS RESERVE LIFE ASSOCIATION, RELATOR, v. CUNNINGHAM R. SCOTT, RESPONDENT.

FILED DECEMBER 19, 1899.    No. 11,054.

1. Bill of Exceptions: RULES OF TRIAL COURT. The rules of practice of the district court may be incorporated into the bill of exceptions without being formally introduced in evidence.

2. Evidence: JUDICIAL NOTICE. Facts of which the court will take judicial notice need not be given in evidence.

3. Bill of Exceptions: RECORD OF EVENTS. A bill of exceptions may properly include a record of events transpiring in the presence of the court, but not formally introduced in evidence.

4. ———: OBJECTIONS TO RULINGS NOT IN RECORD. Grounds of objection to a ruling, order or judgment which do not appear in the record may be brought into the bill of exception by the party complaining, by reducing such grounds of objection to writing and asking to have them incorporated into such bill of exceptions.

ORIGINAL application for mandamus to require respondent to allow and sign a bill of exceptions. *Writ allowed.*

*T. J. Mahoney*, for relator.

*Weaver & Giller, contra.*

SULLIVAN, J.

The question raised by this record is not a very perplexing one. The action is an application to this court, in the exercise of its original jurisdiction, for a writ of mandamus commanding Hon. Cunningham R. Scott, one of the judges of the district court for the fourth judicial district, to allow and sign a bill of exceptions. The respondent, in his return to the alternative writ, sets out at length the proceedings had before him in the case of Finn against Bankers Reserve Life Association, and, in justification of his refusal to sign the bill of exceptions presented to him for allowance in that case, states: "I further certify that all the evidence and every part thereof that was introduced before me, at the time of the hearing of the motion to set aside said judgment is already incorporated in the bill of exceptions which I signed; and to incorporate into said bill of exceptions the matters sought to be incorporated therein by these proceedings would be incorporating therein extrinsic matter not introduced in evidence and would therefore be a violation of the well settled practice of this state by the adjudications of this court that no matter shall go into the bill of exceptions as evidence unless it had been formally introduced at the time of the hearing." The matters which it is now sought to have incorporated into the bill of exceptions are the rules of practice of the district court and a recital of events which transpired in the presence of the court, and which, it is claimed, have a material bearing on the rulings of which the relator complains. The contention of the respondent, that the bill of exceptions should contain only evidence formally introduced at the trial, or on the hearing of a motion, can not be sustained. To intelligently review an order or

judgment of the district court it is necessary that this court should be put in possession of all the facts and circumstances known to the district court, and which it is claimed did influence, or should have influenced, its decision. What transpires in the presence of the court, and what is judicially known to the court, need not be formally given in evidence. See 1 Jones, Evidence, sec. 134; *Secrist v. Petty*, 109 Ill., 188; 12 Ency. Pl. & Pr., 1. And yet upon these things often rest rulings, orders and judgments called in question by appellate proceedings. Section 311 of the Code of Civil Procedure provides: "When the decision is not entered on the record or the grounds of the objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing," and present them to the presiding judge for allowance. In this case the relator asserts that the rulings, of which it complains, were made in violation of the rules of practice of the district court, and that, in view of certain events transpiring in the presence of the court, and of which it had knowledge, the rulings were erroneous. In this situation of affairs it is very clear that the grounds of the relator's objections do not appear in the record, and that it is, therefore, entitled to have them brought into the bill of exceptions. See *People v. Gibbons*, 54 Ill. App., 617; *Chapman v. State,* 39 S. W. Rep. [Tex.], 113; *Hamilton v. Moore*, 4 W. & S. [Pa.], 570; *Muirhead v. Muirhead*, 16 Miss., 211; *Wallace v. Boston*, 10 Mo., 660. Whatever the district court may properly take into account in making a decision should, if practicable, be presented to this court when the record is brought up for review, so that the decision may be judged in the light of the circumstances under which it was made.

We make no inquiry at this time touching the correctness of the respondent's rulings. Whether they are right or wrong, the relator is entitled to have them reviewed in a direct proceeding. The peremptory writ is allowed.

WRIT ALLOWED.