Dredla v. Baache.

---

ANTON DREDLA, ADMINISTRATOR OF THE ESTATE OF CARL BAACHE, DECEASED, V. HERMAN BAACHE ET AL.

FILED OCTOBER 18, 1900.    No. 11,322.

1. **Probate Judge:** CLAIMS AGAINST ESTATE OF DECEDENT: COMMISSIONERS: HEARING BY JUDGE. A probate judge, in the settlement of estates of decedents, has authority and jurisdiction, in the absence of the appointment of commissioners for the purpose, to appoint convenient times and places for the hearing of claims presented against an estate, with a view to their adjustment and allowance; and such hearing may be had prior to the time limited for filing claims to prevent being barred as a legal demand against such estate.

2. **Notice of Hearing.** A notice of the time and place of hearing claims against an estate, with a view to their adjustment and allowance, is required to be given in the manner provided by section 214, chapter 23, Compiled Statutes, 1899, or in such manner as may be directed by the probate court.

3. ———: OBJECT OF NOTICE. Such notice is not for the benefit of creditors alone, but is also for the purpose of advising an administrator or other representative of a decedent's estate of the filing of claims presented for allowance, and permitting an admission of their justness, or objections to their allowance and a hearing thereon.

4. ———: JURISDICTION. A notice of the time and place of hearing claims against an estate with a view to their adjustment and allowance, which, by order of the court, is published for four

consecutive weeks in a legal newspaper published in the county where the estate is being administered, is sufficient to authorize the allowance of claims at the time mentioned which are presented for that purpose and give the court jurisdiction over the person of an administrator of such estate.

5. **Appearance of Administrator:** JURISDICTION. When an administrator appears in a case involving the allowance of a claim against the estate he represents, and asks leave to have the order of allowance vacated and leave to defend, and appeals from the judgment of allowance, such action will be a general appearance in the case; and the court thereby obtains jurisdiction over the entire proceedings.

6. **Appeal:** ESTOPPEL. An appeal from a judgment claimed to have been irregularly obtained estops the party appealing from afterwards relying on the alleged irregularities antecedent to the judgment appealed from.

7. **Acting County Judge:** DE FACTO OFFICER. Where, on account of the illness of the incumbent, a person has been appointed an acting county judge by the commissioners of a county, qualifies for the position, and assumes the duties of the office, and is actually engaged in the discharge of the functions of the office for a period of three months or more under color and claim of right to the office, acquiesced in by the public during all of said time, such officer will at least be deemed and held to be a *de facto* officer.

8. **Acts of Officer De Facto.** The acts and judgments of a *de facto* officer are as valid and binding as though performed and rendered by an officer *de jure*.

ERROR to the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*F. I. Foss* and *B. V. Kohout*, for plaintiff in error.

*F. A. Boehmer, contra.*

HOLCOMB, J.

It is argued in this action that the order or judgment of allowance, by the probate judge, of certain claims against the estate represented by the administrator, as plaintiff in error, and in favor of the defendant in error, is utterly void, and for that reason the order upon the administrator to pay said claims as a valid charge against

the estate is erroneous and of no force or effect.    The
order of payment complained of was made by the probate
judge of Lancaster county, where the estate was being
administered, and an appeal was taken to the district
court, where the order was affirmed, and by error pro-
ceeding the case is brought here for review.

The two grounds upon which the order of allowance is
challenged as being void are, first, that the court was
without jurisdiction to allow the claims at the time the
judgment of allowance was entered; and, second, that
the judge, or person rendering the judgment, was neither
a *de jure* nor *de facto* county judge, and hence the order
made is a nullity.    A brief recital of the history of the
case will assist in a proper understanding of the ques-
tions involved in the controversy.    After the appointment
and qualification of the administrator, the county judge
of Lancaster county made an order, notifying the credi-
tors of the estate that he would sit on the 29th day of
June and the 29th day of September, 1894, to examine
all claims against said estate with a view to their adjust-
ment and allowance; that the time limited for the presen-
tation of claims against the estate was six months from
the 28th day of March, 1894; and the time limited for
the payment of debts was for one year from said 28th
day of March, 1894.    The notice was ordered to be, and
was, published in the semi-weekly *Nebraska State Journal*,
published in said county and state, for four weeks, the
first publication being on the 9th day of February, 1894.
On the 14th day of April following the claims in con-
troversy were filed in said court as claims against said
estate.    On the 29th day of June, the day set in the notice
for hearing, they were allowed by Joseph Wurzburg,
acting county judge.    On October 17 the administrator
filed a motion and application to set aside the order of
allowance, which was denied, and an appeal taken to the
district court, where judgment was entered, vacating the
order of allowance.    From this judgment an error pro-
ceeding was prosecuted to this court, and the judgment

46

of the district court reversed and the appeal dismissed
because not taken in time provided by statute. *Baache
v. Dredla*, 57 Nebr., 92. On the 17th day of June, 1899,
on the application of defendants in error, an order was
entered by the county judge, directing the administrator
to pay from the assets of the estate all claims theretofore
allowed against the estate, including those in contro-
versy. From this last order an appeal was taken to the
district court, and from there, by proceeding in error, the
case is again here for consideration.

The alleged want of jurisdiction of the probate judge
to render the judgment of allowance grows out of the
fact that the order was entered on June 29, 1894, without
personal notice to the administrator, when the time for
filing claims, in order to prevent them from being barred,
was fixed in the order and notice at six months from
March 28, 1894, viz., September 28 of that year. It is to
be observed that in the notice referred to it is provided
that the hearing of claims with a view to their adjust-
ment and allowance would be had before the probate
judge on June 29 and September 29, 1894; and that the
time for filing claims against the estate expired in six
months from March 28, 1894. The question is thus pre-
sented of whether a probate judge has jurisdiction upon
proper notice to pass upon and allow claims against an
estate before the time has expired when, by law as fixed
by an order of the court, all claims will be barred which
have not theretofore been presented for allowance.

Relative to the payment of debts of deceased persons,
it is provided by law that it shall be the duty of the pro-
bate judge to receive, examine, adjust and allow all
claims and demands of all persons against the deceased,
giving the same notice as is required to be given by com-
missioners when appointed for that purpose. It is then
provided that when commissioners are appointed, it shall
be their duty to appoint convenient times and places
when and where they will meet for the purpose of ex-
amining and allowing claims; and within sixty days after

their appointment, they shall give notice of the times and places of their meeting, and of the time limited for creditors to present their claims, by posting notices and publishing the same four weeks in some legal newspaper, or in any other manner as the court may direct. Compiled Statutes, 1899, ch. 23, sec. 214. A careful perusal of the section cited, with others pertaining to the subject, leads to the conclusion that a probate judge is not without jurisdiction to act upon claims presented for allowance before the expiration of the time for filing claims after which they will be barred as a demand against a decedent's estate. It appears reasonably clear that in the section mentioned it is contemplated that a probate judge may appoint convenient times and places when he will sit for the purpose of adjusting and allowing claims, which may be presented against the estate, without reference to the time when claims are barred if not filed for adjustment and allowance. The provisions requiring notice of the time when claims will be barred if not filed serves the purpose of forever barring such claims as legal demands against an estate, and does not necessarily govern as to the time a hearing may be had of claims properly exhibited against an estate.

It appears, however, that a hearing of the claims presented within the time allowed by order of the probate court can not be had until notice is given thereof in the manner provided in the section referred to. This may be in different ways as therein stated, or, as in the language of the statute, "in any other manner which the court may direct." We do not agree with counsel for the creditors, that all the requirements of the statute as to notice of the time and place of hearing claims against an estate are solely for the benefit of creditors, and that the administrator is bound to take notice of the proceedings of the probate judge, and be present at any time action may be taken affecting the estate he represents. A reading of the statute convinces us that a fair construction thereof requires that a notice of the time and place of the hearing

of claims shall be given in some form contemplated by
the section, for the purposes of affording an administra-
tor, or other representative of a deceased person, an op-
portunity to admit the justness of a claim ·exhibited
against the estate, or object to its allowance and have a
hearing thereon.   In administering the estate of a de-
ceased person, exclusive original jurisdiction is by law
conferred upon probate courts.  *Stevenson v. Valentine*, 38
Nebr., 902, 907.  The legislature has not deemed it wise
to provide for any particular and formal method of sum-
moning parties into courts, to require formal pleadings
and joinder of issues, as in other civil actions.  It is, how-
ever, the spirit of the law that parties interested in the
proceedings had in a probate court, in settling the estates
of decedents, shall have an opportunity to be heard on
the merits of all claims and controversies growing out of
the settlement of such estates, and it is therefore provided
that hearings upon claims against an ·estate shall be at
convenient times and places, of which notice shall be
given in the manner therein mentioned.  The notice
required serves the double purpose of advising the
creditors of an estate of the time of hearing claims,
and the administrator or other representative of the
filing of such claims as may be presented for allowance,
with the opportunity to admit or object to the same, as
may to him seem proper.  A proper regard for the rights
of those interested in an estate requires that an admin-
istrator should have timely notice of all such hearings,
in order that the interests of the estate he represents may
be fully guarded and conserved.  The kind of notice to be
given is in the control of a probate judge, and it is his
duty to afford an administrator full opportunity to de-
fend against all unjust claims.  Whether this has been
done in the present case may be doubted.  The notice
given was only constructive, when a proper regard for
the rights of the estate would probably have suggested
that it be made actual and personal.  A notice, however,
was given as directed by the court by publication, and

Dredla v. Baache.

this, we think, was sufficient to give the court jurisdiction over the person, and its jurisdiction over the subject-matter is given by statute beyond any reasonable doubt. The judgment rendered was, therefore, valid and binding until reversed on appeal, or set aside by a direct proceeding brought for that purpose.

Conceding for the time being that the probate court acquired no jurisdiction over the administrator at the time, and for the purpose of adjusting and allowing claims on June 29, 1894, the administrator thereafter, and in October following, appeared in the case, acknowledged the jurisdiction of the court, and asked to have the order vacated and set aside with leave to appear and defend against the said claims. The subsequent action taken placed the jurisdiction of the court over the entire proceedings beyond the pale of controversy. *Scarborough v Myrick*, 47 Nebr., 795; *Warren v. Dick*, 17 Nebr., 241; *Crowell v. Galloway*, 3 Nebr., 215, 220. At most, the questions affecting the jurisdiction of the probate court were such as to render the judgment voidable only and not void, and the administrator, having appeared in the case, recognizing the judgment and appealing to the district court therefrom, has thereby waived the irregularities, if any, existing at the time of the rendition of the judgment, and can not, after such appeal, be heard to complain of the irregularities antecedent to the judgment appealed from. *Irwin v. Nuckolls*, 3 Nebr., 441; *Ayres v. Duggan*, 57 Nebr., 753. We are therefore of the opinion that the judgment complained of is not void for want of jurisdiction, either over the subject-matter or the person of the administrator, and that counsel's contention in respect to this matter ought not to prevail.

As to the other question involved, it is made to appear from the record that on May 8, 1894, the county judge of Lancaster county made application to the commissioners to appoint an acting county judge on account of the ill-health of the incumbent, and that in pursuance of such request Joseph Wurzburg was appointed to the position

as requested, and that immediately thereafter, in pursuance of such appointment, qualified for the position, took charge of the office, and performed the duties of county judge, and acted as such from May 9, 1894, to some time in August following, when the county judge again resumed the duties of his office. It also appears that on May 16 the county judge decided some cases submitted to him prior to the appointment of an acting county judge, and that on the same day the acting judge was engaged in the actual performance of the duties of the office. With the exception referred to, the county judge performed no other functions of the office during the term of the acting county judge as before mentioned. Whether the county judge was absent from the county, as the law contemplates in the event of an appointment of an acting county judge, does not appear from the record, except as his presence is shown on the 16th day of May, when the decisions referred to were entered by him. Whether Wurzburg was a *de jure* or a *de facto* officer, it is unnecessary here to determine. A discussion of the distinction between the two would be wholly without profit. We may assume that the only question is whether his acts while occupying the position he did are wholly void and unauthorized, or are valid as a *de facto* officer. It is apparent that he was actually engaged in the discharge of the duties of the office during the period mentioned under color of authority by reason of his appointment by the county commissioners and qualification thereunder; that he exercised the functions of the office under color of right and claim thereto, and that such right and authority were acknowledged and acquiesced in by the public and all those dealing with the affairs of the office during the whole period of his incumbency. To constitute a *de facto* officer it is only necessary that he have some appearance of right to the office which would lead the public without inquiry to suppose him to be the officer he assumes to be. Where a person is in the actual possession of an office, in the discharge of the official

duties thereof under such color or claim of right to the office, he will be deemed and held to be a *de facto* officer. *Hamlin v. Kassafer*, 15 Ore., 456; *Brown v. Lunt*, 37 Me., 423, 428; *Ex parte Strang*, 21 O. St., 610; *Conover v. Devlin*, 15 How. Pr. [N. Y.], 477; *Cox v. Houston & T. R. Co.*, 68 Tex., 226; *State v. Carroll*, 38 Conn., 449. We feel entirely satisfied that, in any event, the county judge, acting under the appointment made by the county commissioners, was, while filling the position to which he was appointed, and discharging the duties of the office, a *de facto* officer, whose orders and judgments are to be held as valid and binding as though rendered by an officer whose title was beyond dispute. *Ex parte Johnson*, 15 Nebr., 512; *State v. Lewis*, 11 L. R. A. [N. C.] 105; 1 Black, Judgments, sec. 175; 1 Freeman, Judgments, sec. 148.

It follows from the views herein expressed that the judgment of the district court is in conformity with the law, and should be, and is,

AFFIRMED.