RILEY E. HASKELL ET AL. V. WILLARD DUTTON.

FILED JULY 1, 1902. No. 11,844.

1. **De-Facto Officer.** One who is in possession of an office, and exercising its functions by virtue of an irregular appointment from the person having lawful authority to appoint, is a de-facto officer.

2. **Acts of De-Facto Officer.** The acts of a de-facto officer, so far as they affect the public or third persons, are valid.

3. **Challenge to Jurisdiction: SUMMONS: COLLATERAL ATTACK.** A challenge to the jurisdiction of the court, grounded upon the fact that the summons was issued by an irregularly appointed deputy, is a collateral attack upon the deputy's official character and can not be sustained.

4. **Bill of Exceptions: ABSENCE: PRESUMPTION.** When the evidence upon which the trial court acted in refusing to quash the service of a summons, is not preserved in a bill of exceptions, this court will presume that it was sufficient to warrant the decision.

ERROR from the district court for Lincoln county. Tried below before GRIMES, J. *Affirmed.*

*Hoagland & Hoagland,* for plaintiffs in error.

*Wilcox & Halligan, contra.*

SULLIVAN, C. J.

The decision assailed by this proceeding is obviously correct. The action was brought by Willard Dutton upon

a promissory note signed by Riley E. Haskell and J. D. Haskell. One of the defendants was summoned in Lincoln county and the other in Custer county. Each appeared specially and challenged the jurisdiction of the court. The main question raised by these challenges is whether J. E. Evans, who acted as deputy clerk in filing the petition and issuing process, had authority to act effectively in the premises. The facts bearing upon the point in controversy are these: When the present action was instituted, Evans was in the office of the clerk of the district court, claiming the right to act as deputy. He had acted in that capacity continuously for a year or more. He held an appointment from the duly constituted clerk and was discharging the duties of the office with his consent and under his direction. The appointment, however, was not in writing, and there had been, on Evans's part, a total failure to comply with the provisions of the statute (Compiled Statutes, 1901, ch. 10), relative to official bonds and oaths. Upon these facts, the district court rightly ruled that it had jurisdiction of the defendants and authority to pronounce judgment against them. Evans, according to the narrowest definition of the term, was a de-facto officer, and his acts, so far as they affected the parties to the suit, were just as binding and efficacious as they would have been if all the conditions necessary to make him a de-jure officer had been fulfilled. *Ex parte Johnson*, 15 Nebr., 512; *Hamlin v. Kassafer*, 15 Ore., 456; *Norton v. Shelby County*, 118 U. S., 425; *Fulton v. Town of Andrea*, 73 N. W. Rep. [Minn.], 256; *Wheeler v. Sterrett*, 62 N. W. Rep. [Ia.], 675; *Carleton v. People*, 10 Mich., 249, 259. "Where an office exists under the law," says Mr. Justice Field in *Norton v. Shelby County, supra,* "it matters not how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of the office, and exercises its powers and functions." Here it is conceded that there was an office to fill, and that the incumbent was in possession acting under color of authority conferred upon him by the lawfully constituted

clerk, the person invested by the legislature with power to make the appointment. Under these circumstances his acts, to the extent that the public or third persons are interested in them, must, on considerations of expediency, be upheld. "The affairs of society can not be carried on upon any other principle." Throop, Public Officers, 633.

But it is contended for defendants that if Evans was a de-facto officer his right to act as deputy clerk was challenged in a direct proceeding, and that the challenge, in view of the facts above recited, should have been sustained. This argument is manifestly unsound. The attack upon the jurisdiction of the court was not a direct, but a collateral attack upon the authority of the acting deputy. The title to an office is directly assailed only in an action or proceeding brought by the state or a private claimant to oust the incumbent, or when, in a suit to recover salary or emoluments, the incumbent's character as a de-jure officer is put in issue.

On behalf of the defendant J. D. Haskell it is insisted that the service of the summons sent to Custer county should have been quashed, because the copy delivered to him was not certified as required by the statute. The original summons is in due form and the certificate of service is sufficient. We find no evidence in the bill of exceptions tending in the remotest degree to show that the officer's return is false; and in the absence of such showing, we must presume that the process was properly served.

The judgment is

AFFIRMED.