STATE SAVINGS & LOAN ASSOCIATION ET AL. V. BENJAMIN
F. JOHNSON.

FILED JANUARY 21, 1904.   No. 13,318.

1. **Appeal: Bond: Jurisdiction.** An appeal bond signed only by the
   judgment debtors, if approved by the justice rendering the judg-
   ment, is sufficient to confer jurisdiction on the appellate court to
   have the defect corrected.

2. ———: **Dismissal.** The sustaining of an objection to jurisdiction
   in the appellate court and dismissal of the appeal on that account
   is harmless error, where the objection was pending for at least
   twelve days, and appellants made no offer or application to be
   allowed to furnish a sufficient bond.

ERROR to the district court for Lancaster county: LIN-
COLN FROST, JUDGE.   *Affirmed.*

*Strode & Strode,* for plaintiffs in error.

*Benjamin F. Johnson, contra.*

HASTINGS, C.

In this case the plaintiffs in error attempted to appeal
from a judgment rendered on May 26, 1903, in favor of
Benjamin F. Johnson for $186.40, and costs taxed at
$12.15, by P. F. Green, justice of the peace of Lancaster
county.   They filed an appeal bond signed only by them-
selves, and, probably, because one of the defendants was a
surety company, the justice failed to observe that they had
no surety, and indorsed upon it his approval.   June 9,
1903, a transcript of the judgment, together with this bond,
was filed in the district court for Lancaster county; June
17, Johnson filed amended objections to the jurisdiction of
the district court in the following terms:   (1) No appeal
bond was filed in the court below as required by section
1,007 of the code.   (2) That the filing of the purported
appeal bond, signed only by the judgment debtors, and the
approval of such purported appeal bond by the justice of
the peace before whom said case was tried, was not such

a compliance with the requirements of section 1,007 of the code as would confer jurisdiction of the subject matter upon this court in attempted appeal proceedings from the judgment of said justice. (3) A purported appeal bond, signed only by joint judgment debtors, does not confer jurisdiction on an appellate court in attempted appeal proceedings. (4) That the purported appeal bond filed in the court below was signed only by defendants, they being joint judgment debtors, against whom judgment was rendered in the court below, no security of any kind being given. On June 29 the court sustained the objections to jurisdiction and dismissed the case at the costs of the defendants, to which they excepted. They now bring the matter here on error, alleging this dismissal, and citing sections 144 and 145 of the code, permitting amendments and directing the disregarding of all defects not affecting substantial rights, and section 1016, permitting correction of appeal proceedings when they are insufficient in form or amount. It is alleged that the two defendants, plaintiffs in error here, who signed the bond are amply able to respond to any liability on it, and the absence of a surety did not affect any substantial rights of Johnson. They cite *Bazzo v. Wallace,* 16 Neb. 293, holding that an appeal bond after approval is not void, even if defective, and the similiar holding in *Jacobs v. Morrow,* 21 Neb. 233. In *Deere, Wells & Co. v. Hodges,* 59 Neb. 288, an appeal bond was given, signed by one of the defendants, but one against whom the judgment did not run, and for an amount too small; motion to dismiss was overruled in the trial court, and a motion to require a sufficient bond was also overruled. The judgment for defendants was reversed in this court because of error in the overruling of this last motion, but it was held that the trial court had jurisdiction and should have ordered a conditional dismissal, giving time for the filing of a sufficient bond. In *Chase v. Omaha Loan & Trust Co.,* 56 Neb. 358, also cited, a dismissal of the appeal because the bond was signed by an attorney at law was held error: "The district court gave no opportunity to the

appellant to give a new bond, but peremptorily dismissed the appeal. This was a substantial error." *Rube v. Cedar County*, 35 Neb. 896. In this last case a peremptory dismissal of a taxpayer's appeal from allowance of a claim against a county, because of informalities in the wording of the undertaking, was held error. The bond was held sufficient to confer jurisdiction and amendable. *McClelland Bros. v. Allison*, 34 Kan. 155, is also cited. This case was one of a judgment against a partnership; one of the partners, who was also an attorney at law, signed as sole surety on the bond; it was held to be amendable. *Voss v. Feurmann*, 23 S. W. (Tex. Civ. App.) 936, expressly holds that a bond signed by one of the defendants as surety, which had been approved by the justice, conferred jurisdiction on the appellate court.

None of these cases, except the last, seem to be directly in point as to the present bond. It would seem, however, that the reasoning of the Texas case, namely, that the approval of the bond by the justice determines its sufficiency until some further action is taken, is sound, and in this instance the presentation of the bond with the justice's approval indorsed, seems sufficient to give jurisdiction to the district court until some further action with regard to that bond was taken. Section 1016 of the code seems ample authority for the district court to deal with the situation, and it seems, therefore, that the dismissal for lack of jurisdiction was error.

Are the defendants in a position to complain of it? The objection to this bond seems to have been on file 12 days before it was acted on, and the objection seems itself to have been amended once. The record does not disclose any application for leave to amend or to file a new bond, but simply the exception on the part of the defendants. It is clear that they were not entitled to maintain the appeal without a bond signed by some surety. It is clear that they did not have it. It seems to us that the dismissal of their appeal, in the absence of any application on their part to correct this bond, must be held to be error without prejudice.

It is therefore recommended that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.