STATE OF NEBRASKA ET AL., APPELLEES, v. MILTON C. KIDDER, APPELLANT.

98 N. W. 2d 800

Filed October 30, 1959. No. 34643.

*Milton C. Kidder,* pro se.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by the appellees to recover the possession of certain described school lands from the appellant. The action was commenced in the county court of Cherry County and from an adverse judgment the appellant appealed to the district court. From an order of the district court quashing the appeal the appellant has appealed to this court.

On May 26, 1958, the county court of Cherry County entered its judgment in favor of the appellees and against the appellant. On June 2, 1958, the appellant gave notice of appeal to the district court, filed an appeal bond, and ordered a transcript of the proceedings in the county court. The transcript was duly filed in the office of the clerk of the district court on July 17, 1958. On July 28, 1958, appellees filed a motion to quash the appeal. On October 20, 1958, the motion to

quash was sustained on the grounds that the appeal bond was defective in that it was signed by one surety only and that it was not approved by a regularly appointed acting county judge. A motion for a new trial was filed on October 28, 1958. On March 12, 1959, the appellant filed a motion for leave to file an amended appeal bond meeting statutory requirements. On March 13, 1959, appellant filed an amended appeal bond signed by two sureties, with justifications attached. On April 7, 1959, the trial court overruled the motion for a new trial and appellant has appealed therefrom to this court.

A bill of exceptions has been filed in this court which appellees concede has met the requirements set forth in State ex rel. Bankers Reserve Life Assn. v. Scott, 59 Neb. 499, 81 N. W. 305. We accept the bill of exceptions as correctly stating the evidence taken and the proceedings had in the district court.

The record shows that the appeal bond alleged to be defective was approved by "Ben F. Wilkinson County Judge." Wilkinson was not the elected county judge of Cherry County. The evidence shows that he held himself out as the county judge while the regular occupant of the office was absent from the county. The fact that he purported to file and approve the appeal bond as county judge is evidence that he held himself out as such. The evidence shows also that the county commissioners of Cherry County took the following action in May 1957: "By action of the County Board Ben F. Wilkinson, Clerk of the District Court was appointed to act as County Judge in the absence of County Judge C. H. Elliott." The evidence shows that Wilkinson did not qualify by taking an oath of office or giving a bond.

The evidence is clearly sufficient to show that Ben F. Wilkinson was county judge de facto of Cherry County. Where a person is appointed by the proper authority as acting county judge and thereafter performs duties of the office and holds himself out to the

public as such officer, but has failed to give the required statutory bond or take the required statutory oath of office, such person is a county judge de facto. Gragg v. State, 112 Neb. 732, 201 N. W. 338; Baker v. State, 112 Neb. 654, 200 N. W. 876. See, also, 43 Am. Jur., Public Officers, § 471, p. 225. The acts and judgment of a de facto officer are as valid and binding as though performed and rendered by an officer whose title was beyond dispute. Dredla v. Baache, 60 Neb. 655, 83 N. W. 916.

At the hearing on the motion to quash the appeal bond, the appellant advised the court: "If I am wrong in my interpretation of this I can forthwith produce another surety; if that is required by the Court. In fact I had a surety come in town for the purpose of signing that bond." This was clearly an application to the court by appellant to furnish a proper bond if the bond on file was insufficient. It was an abuse of discretion for the trial court not to permit the filing of an amended bond.

In Rube v. Cedar County, 35 Neb. 896, 53 N. W. 1009, this court held: "This undertaking, although informal, is not void. The proceedings, while irregular, were sufficient to give the district court jurisdiction. The plaintiff in error appears to have acted in good faith and should have been given an opportunity to file a new and sufficient bond. The district court erred in dismissing the appeal and the judgment is reversed."

In State Savings & Loan Assn. v. Johnson, 70 Neb. 753, 98 N. W. 32, this court said: "It would seem, however, that the reasoning of the Texas case, namely, that the approval of the bond by the justice determines its sufficiency until some further action is taken, is sound, and in this instance the presentation of the bond with the justice's approval indorsed, seem sufficient to give jurisdiction to the district court until some further action with regard to that bond was taken."

As early as Casey v. Peebles, 13 Neb. 7, 12 N. W.

840, this court said: "Where the statute requires two sureties upon a bond for an appeal, and a bond containing but one is duly approved, it is not void, but may be amended. And it will be sufficient, unless objected to on the ground that it is signed by but one surety."

The rule is aptly stated in Northup v. Bathrick, 78 Neb. 62, 110 N. W. 685, as follows: "As the bond was in compliance with the statute governing appeals in form and condition, and as it was duly approved by the county judge, it gave the district court jurisdiction of the case on appeal. And, even if it had been defective and insufficient in security, the defendant should have been allowed to provide a new and sufficient bond, without having his appeal summarily dismissed."

Section 25-852, R. R. S. 1943, provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleadings, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." In the case of In re Estate of Hoagland, 128 Neb. 219, 258 N. W. 538, we held that the filing of an appeal bond to obtain a review of the judgment of a county court is a proceeding within the purview of this section. It was further stated in the last case cited: "The action of the trial court in permitting and approving the amendments to the appeal bond is approved as being not only within the spirit, but as required by the express wording, of the statute quoted."

We conclude that a defective appeal bond which has been approved by the court rendering the judgment

confers jurisdiction on the appellate court to have the defect corrected, and the appellate court is required to permit amendments of the bond or order the filing of a new bond in the furtherance of justice. Where a failure to so do results in prejudice to the complaining party it constitutes prejudicial error. The discretion granted a court in permitting or denying amendments is a legal discretion which is subject to review to determine if its exercise resulted in prejudice to a litigant.

It is contended that appellant delayed unreasonably in applying for leave to file an amended or new bond. The evidence shows that appellant offered a new bond when the trial court indicated at the hearing on the motion to quash the appeal that the appeal bond was insufficient. When an application is made to amend the bond on file, or to provide a new one, the proper practice is to order the amendment of the bond or the filing of a new one within a reasonable time designated by the court, and in default thereof to direct a dismissal of the appeal. In re Estate of Kothe, 131 Neb. 780, 270 N. W. 117; In re Estate of McLean, 138 Neb. 752, 295 N. W. 270.

The trial court was in error in dismissing the appeal. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.