IN RE FRED M. HANS, JR., A MINOR CHILD.
STATE OF NEBRASKA EX REL. KENNETH WEINER, DEPUTY
COUNTY ATTORNEY OF DOUGLAS COUNTY, NEBRASKA,
APPELLEE, V. FRED M. HANS, JR., A MINOR CHILD,
APPELLANT.

119 N. W. 2d 72

Filed January 4, 1963. No. 35265.

Nanfito & Nanfito and Doerr & Doerr, for appellant.

Clarence A. H. Meyer, Attorney General, Melvin K. Kammerlohr, John J. Hanley, and Donald L. Knowles, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

A complaint was filed in the separate juvenile court of Douglas County, Nebraska, by a deputy county attor-

ney of Douglas County, Nebraska, alleging that Fred M. Hans, Jr., the defendant and appellant was a neglected and delinquent child. A hearing was held on the complaint, and the defendant was adjudged to be a delinquent child and was committed to the Boys' Training School at Kearney, Nebraska. The defendant's motion for new trial was overruled and he has appealed to this court.

In 1958 the Constitution of Nebraska was amended to provide that the Legislature may establish separate juvenile courts. Art. V, § 27, Constitution of Nebraska. In 1959 the Legislature enacted a statute providing for the establishment of separate juvenile courts in counties having a population of 50,000 or more inhabitants when authorized by a majority of the electors of the county voting thereon. § 43-228, R. R. S. 1943. The defendant's first contention is that the trial court had no jurisdiction because the statute providing for the establishment of a separate juvenile court in Douglas County, Nebraska, is unconstitutional.

The position of the Attorney General is that the question of the validity of the Separate Juvenile Court Act cannot be raised in this proceeding, but can be raised only in a separate action brought for that purpose. Thus, the first question presented is not the validity of the Separate Juvenile Court Act, but whether the validity of that act can be determined in this proceeding.

The general rule is that the title to an office can be litigated only in a proceeding brought directly for that purpose, and cannot be determined by a collateral attack in another proceeding. Haskell v. Dutton, 65 Neb. 274, 91 N. W. 395; Von Dorn v. Mengedoht, 41 Neb. 525, 59 N. W. 800. A person who exercises the duties of an office under color of an election or appointment by or pursuant to a public, unconstitutional law, before the same is adjudged to be such, is a de facto officer. McCollough v. County of Douglas, 150 Neb. 389, 34 N. W. 2d 654; Prucka v. Eastern Sarpy Drainage Dist., 157

Neb. 284, 59 N. W. 2d 761. The acts and judgments of a de facto officer are as valid and binding as though performed and rendered by an officer de jure. Dredla v. Baache, 60 Neb. 655, 83 N. W. 916; State v. Kidder, 169 Neb. 181, 98 N. W. 2d 800.

Where a court has been established by an act of the Legislature, apparently valid, and the office has been filled and the court has gone into operation, it is to be regarded as a de facto court and its acts and judgments cannot be impeached collaterally for want of legality in the court itself, nor its legal existence questioned except in a direct proceeding brought for that purpose. Burt v. Winona & St. P. R. R. Co., 31 Minn. 472, 18 N. W. 285. See, also, State v. Ness, 75 S. D. 373, 65 N. W. 2d 923; Gildemeister v. Lindsay, 212 Mich. 299, 180 N. W. 633; State ex rel. Madden v. Crawford, 207 Ore. 76, 295 P. 2d 174.

So far as this proceeding is concerned, the jurisdiction of the trial court did not depend upon the validity of the Separate Juvenile Court Act. Consequently, no issue could be raised in this proceeding concerning the validity of the statute. It is unnecessary for us at this time to consider further the contentions of the defendant regarding the validity of the act and we make no determination of them.

The defendant also contends that the trial court erred in failing to grant the defendant a jury trial, in permitting the complainant to subpoena an accomplice for the purpose of being identified by the witnesses for the complainant, and in finding the defendant to be delinquent at the close of the evidence of the complainant and before hearing the evidence of the defendant; and that the evidence is not sufficient to sustain the finding of delinquency.

The complaint alleged that the defendant was delinquent in that he was involved in the unlawful taking of an automobile on July 1, 1961, and lacked proper parental care. Prior to the hearing on the complaint

the defendant moved for a jury trial. The defendant argues that his motion should have been sustained because section 43-202, R. R. S. 1943, provides that: "In all trials under this act where a delinquent child is charged with a crime, any person interested therein may demand a jury or the judge of his own motion may order a jury to try the case; * * *."

The complaint in this case did not charge the defendant with a crime. The defendant was alleged to be a delinquent child and the allegations as to the taking of an automobile had reference only to the charge of delinquency. This question has been considered by the court previously, and it has been determined that the defendant, under such circumstances, has no right to a jury trial. Laurie v. State, 108 Neb. 239, 188 N. W. 110. See, also, Swanson v. State, 105 Neb. 761, 181 N. W. 921; State v. McCoy, 145 Neb. 750, 18 N. W. 2d 101; Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308, 43 A. L. R. 2d 1122; Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240; State ex rel. Miller v. Bryant, 94 Neb. 754, 144 N. W. 804; 31 Am. Jur., Juvenile Courts and Delinquent, Dependent, and Neglected Children, § 67, p. 333; 50 C. J. S., Juries, § 80, p. 788. The motion was properly overruled.

The theory of the complainant was that the defendant assisted James Gillham in the unlawful taking of an automobile. James Gillham did not testify for the complainant and the defendant complains that it was improper for the court to permit Gillham to be present and be identified by the witnesses for the complainant.

The defendant relies upon People v. Rezek, 4 Ill. 2d 164, 122 N. E. 2d 272, in support of his contention. In the Rezek case a conviction for armed robbery was reversed where the State had been permitted to have its witnesses identify some of the defendant's accomplices before the jury. In a later case, People v. Keagle, 7 Ill. 2d 408, 131 N. E. 2d 74, the Illinois court held that

where the identification of accomplices is relevant, such evidence is admissible.

The hearing before the juvenile court in this case was a trial to the court. The admission of immaterial or irrelevant evidence in a trial to the court is not reversible error. Laurie v. State, *supra*. The review in this court is by trial de novo, and evidence which should not have been admitted by the trial court will be disregarded by this court in arriving at its decision. Krell v. Sanders, 168 Neb. 458, 96 N. W. 2d 218.

At the close of the evidence of the complainant, the defendant moved that the complaint be dismissed and argued the motion to the trial court. The trial court then announced that the motion was overruled, and the following occurred: "THE COURT: * * * At this time the Court finds that Fred M. Hans, Jr., is a delinquent child as alleged. . . . MR. NANFITO: If the Court please, I do not wish to interrupt the Court, but at this point the defense has not presented its case. THE COURT: I am sorry, Mr. Nanfito. I was under the impression that you did not wish to present evidence and I withdraw my last remark."

The defendant argues that this excerpt from the record shows that the trial court prejudged the defendant; that the trial court would have found that the defendant was a delinquent child without regard to any evidence that the defendant might have produced; and for that reason the defendant did not have a fair trial. We think the defendant assumes too much.

The record shows that the trial court, by inadvertence, thought that the defendant did not intend to introduce any evidence. If that had been true, it would have been proper for the trial court to announce its finding after all of the evidence had been heard. When the defendant advised the trial court that he intended to introduce evidence, the court promptly withdrew its statement. The record does not establish that the defendant did not have a fair trial.

The complainant produced evidence by two eyewitnesses that the defendant, with James Gillham, pushed an automobile owned by a third party approximately 5 or 6 blocks from where it had been parked before being apprehended. When apprehended by the two eyewitnesses and the owner of the automobile, the defendant was using his automobile to push the other automobile which was being driven by Gillham. The defendant did not deny that he was present, but testified that a stranger had asked him to push the automobile. Gillham testified that he was not with the defendant at the time in question and that he did not participate in the taking of the automobile.

The evidence establishes that the defendant participated in the taking of an automobile without the consent of the owner. This is sufficient to permit a finding of delinquency. § 43-201, R. S. Supp., 1961.

The defendant was 16 years of age at the time of trial and lives with his father, Fred Hans, Sr. The defendant's mother died in 1958. The defendant has five sisters, none of whom are living at home. The defendant's father is a construction worker and was working out of town at the time the complaint was filed. The defendant's father testified that he had been living at his house in Omaha off and on, and had "just moved in there recently to take care of" the defendant.

Although not directly raised by the defendant, we have given some consideration to the question as to whether the defendant should have been committed to the Boys' Training School. The finding of delinquency in this case rests upon proof of a single violation. The juvenile court has a broad discretion as to the disposition of a child found to be delinquent. § 43-210, R. R. S. 1943.

The defendant's father testified that the defendant was in jail for 5 or 6 days on one occasion. The record does not show whether that was in connection with the July 1, 1961, incident or some other occasion. Also, the

record does not contain whatever evidence that may have been before the court at the time of the disposition hearing. In view of the state of the record, we have concluded that this court should not interfere with the determination of the trial court with respect to the disposition of the defendant.

The judgment of the trial court is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I dissent from that part of the court's opinion that approves the denial of a jury trial. The rule adopted permits the prosecution to elect whether the accused shall have a jury trial or a trial by the court. The facts charged constitute a felony. By the device of charging that the accused is a delinquent and not a criminal, a jury trial is denied. The substance of the offense and not the form of the charge should control. The liberty and reputation of a person is involved. Youth as well as maturity are entitled to the benefits of the jury system. The statute and the Constitution so provide.