CLARENCE J. DeBACKER, APPELLANT v, MAURICE SIGLER, APPELLEE.

175 N. W. 2d 912

Filed March 20, 1970. No. 37531.

Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a second proceeding for a writ of habeas corpus by Clarence J. DeBacker. The petitioner alleges that he is in the custody of the Warden of the Nebraska Penal and Correctional Complex by reason of a transfer from the Boys' Training School under section 83-455, R. R. S. 1943. The validity of section 83-455, R. R. S. 1943, is not an issue in this proceeding.

The petitioner alleges that he is unlawfully deprived of his liberty because the Juvenile Court Act of Nebraska, under which he was committed, is unconstitutional. Specifically, the petitioner complains that section 43-206.03, R. R. S. 1943, does not provide for a trial by jury and that section 43-205.04, R. R. S. 1943, permits the county attorney to decide whether juveniles shall be charged in the juvenile court or in the criminal court.

The issues here are essentially the same as those presented in DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508. In that case, four members of this court, including the writer, were of the opinion that the Juvenile Court Act violated the Constitution of the United States because of the decisions of the United States Supreme Court in In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527, and Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491. However, the judgment of the district court dismissing the proceeding was af-

firmed because of the five-judge concurrence requirement of Article V, section 2, Constitution of Nebraska.

The petitioner then appealed to the United States Supreme Court where, after argument, the appeal was dismissed. DeBacker v. Brainard, 396 U. S. 28, 90 S. Ct. 163, 24 L. Ed. 2d 148. In DeStafano v. Woods, 392 U. S. 631, 88 S. Ct. 2093, 20 L. Ed. 2d 1308, that court had decided that Duncan v. Louisiana would not apply to trials prior to May 20, 1968. The court concluded that petitioner's case was "not an appropriate one" in which to decide whether the Nebraska statute was valid.

It has been the rule in this state that a defendant is not entitled to a jury trial upon a complaint filed in the juvenile court alleging that the defendant is a delinquent child. State ex rel. Weiner v. Hans, 174 Neb. 612, 119 N. W. 2d 72. It now appears that this is still the rule, at least as to proceedings in which the trial commenced prior to May 20, 1968.

The petitioner presents a new contention based upon the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. In substance, the argument is that the classification of juveniles separately from adults for correctional purposes is unreasonable; that there is no reasonable basis for such a classification; and that the act is, therefore, invalid.

The respondent points out the many places in the law where minors have always been classified separately from adults. The existence of the juvenile court system itself is a recognition of the validity of the separate classification of juveniles for correctional purposes. We think that the right of a juvenile to a jury trial in juvenile court, if one exists, does not have its origin in the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The petitioner's contention that section 43-205.04, R. R. S. 1943, is invalid because it permits the county attorney to decide whether juveniles shall be charged in the

juvenile court or in the criminal court is not well founded. As pointed out by the United States Supreme Court in DeBacker v. Brainard, *supra,* the discretion vested in the county attorney is not conferred by the Juvenile Court Act.

In his brief the petitioner suggests that there should be a procedure available to a juvenile so that he could obtain a judicial determination as to whether he should be charged in the juvenile court or the criminal court. Although we find no constitutional objection to the procedure in this state, the question is not presented in this case. The petitioner was charged in juvenile court and his only objection to proceeding in that court was in regard to his demand for a jury trial.

It is unnecessary to consider the petitioner's assignment of error relating to Article V, section 2, of the Constitution of Nebraska.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., concurs in the result because DeBacker complains of proceedings that antedate May 20, 1968, the probable cutoff.

SPENCER, J., dissenting.

I expressly reaffirm my position which is set out in the dissents in DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508. It is possible, however, that the issues there raised may be moot because the proceedings attacked occurred before May 20, 1968.

Petitioner has raised three new issues. Two of them are mentioned in the present opinion. The third issue, which is not discussed therein, raises the invalidity of a part of Article V, section 2, Constitution of Nebraska, which provides: "No legislative act shall be held unconstitutional except by the concurrence of five judges." Petitioner alleges that this sentence is itself unconstitutional, in that it hampers the assertion of a federal right and unreasonably discriminates against litigants asserting the constitutional invalidity of legislation. If this

is true, as I believe it is, the previous opinion of the majority should be controlling herein.

The Enabling Act of Congress, permitting the people of Nebraska to adopt a Constitution and form a state government, required a republican form of government not repugnant to the Constitution of the United States and the principles of the Declaration of Independence. As the Supreme Court of Colorado said in People v. Western Union Telegraph Co., 70 Colo. 90, 198 P. 146, 15 A. L. R. 326: "The original Constitution of Colorado was a solemn compact between the State and the Federal government, a compact which stipulated that it should never be altered save in the manner therein provided, and that all amendments and all revisions thereof would conform to the supreme law. The whole people of the state have no power to alter it save according to their contract. They cannot do so, even by unanimous consent, if such alteration violates the Constitution of the United States. Should they make the attempt their courts are bound by the mandate of the Federal Constitution, and by the oath they have taken in conformity therewith and with their own Constitution, to declare such attempt futile, to disregard such violation of the supreme compact, and decline to enforce it. There is no sovereignty in a state to set at naught the Constitution of the Union, and no power in its people to command their courts to do so. That issue was finally settled at Appomattox."

It is to be noted that the provision in question limits not only the authority of this court to declare an act unconstitutional if it is in violation of the state Constitution, but also prohibits such declaration without five votes if it is unconstitutional under the federal Constitution. Any dilution of the judicial power destroys the equality among the three coordinate branches of government: Executive, legislative, and judicial, and shatters the fundamental principle of a republican form of government.

It goes without saying that if it is possible to require more than a majority vote, it is also possible to require a unanimous vote. There are certain acts which even the state Constitution cannot abrogate. One of these is the exercise of the sovereign and inherent power of the judicial branch of government within the framework required by a republican form of government.

In other jurisdictions, a simple majority may hold a legislative act unconstitutional. Because Nebraska requires five of seven judges to so hold, a citizen of Nebraska therefore is not entitled to all of the privileges of citizens in the several states. By this provision, a minority of the citizens of Nebraska, as represented by three judges upon this court, are permitted to thwart the will of the majority.

McCowN, J., dissenting.

My opinion as set out in DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508, is expressly reaffirmed.

The Constitution of Nebraska contains provisions dealing with criminal prosecutions similar to those of the federal Constitution. See Article I, section 11, Constitution of Nebraska. The state Constitution also contains a separate specific requirement that: "The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury." Article I, section 6, Constitution of Nebraska.

If an adjudication of juvenile delinquency is still regarded as civil rather than criminal, these provisions may well bolster an equal protection argument, as well as the due process argument.

The position of the majority here is that since juveniles may properly be classified separately from adults for certain purposes, they may also be classified separately from adults in granting or withholding specifically guaranteed constitutional rights. That position simply

means that a juvenile is not a "person" or a "citizen" protected by either the state or the federal Constitution. That position I cannot accept.