DAVID J. ATKINS, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA ET AL., APPELLEES.
224 N. W. 2d 535

Filed December 26, 1974. No. 39531.

Rollin R. Bailey of Davis, Bailey, Polsky, Huff & Denney, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Appellant seeks in this action to enjoin the Department of Motor Vehicles and its director, John L. Sulli-

van, from enforcing an order revoking his driver's license for failure to submit to a test of alcohol content requested by police officers pursuant to Nebraska's implied consent law. The District Court denied appellant the requested relief. We affirm.

On September 8, 1973, appellant was stopped by officers of the Lincoln police department and arrested for operating a motor vehicle while intoxicated. Appellant refused to take either a blood, breath, or urine test as provided by section 39-669.08, R. R. S. 1943. The Director of the Department of Motor Vehicles sent notice to appellant that a hearing would be held on November 14, 1973, to determine the reasonableness of his refusal. Upon request of the appellant's counsel, the matter was continued. On December 3, 1973, notice was sent to appellant indicating that his hearing had been rescheduled and would be held on December 17, 1973. In both notices of hearing the place of hearing was designated as the office of the Director of the Department of Motor Vehicles.

This December 17 hearing was not held in the Director's office as designated in the notice. Rather, upon their arrival at the Director's office, appellant and his counsel were directed to another room in the State Capitol used that day for hearings. The appellant and his attorney attended the hearing, but participated only to the extent of objecting to the authority of the hearing examiner, Mr. Duane Nelson, and to the notice served upon appellant. Following this hearing the Director of the Department of Motor Vehicles entered the order of revocation, the enforcement of which is now sought to be enjoined.

In this court, the appellant assigns and argues two reasons why he is entitled to the requested equitable relief. First: It is urged that the enforcement of the revocation order must be enjoined because the hearing examiner presiding at the show cause hearing was not properly appointed. Second: Appellant argues that the

notice of hearing was defective in that the place of hearing was changed from that designated in the notice.

We are not able to consider appellant's first contention. Undoubtedly appellant correctly states that one purporting to be authorized hearing examiner must be effectively appointed by the Director of the Department of Motor Vehicles. However, even if we did agree that the oral appointment of Mr. Nelson did not suffice for purposes of constituting him a hearing examiner, notions of orderly procedure developed in this jurisdiction preclude us from granting appellant's requested relief. The rule in Nebraska is that a question of title to an office can only be challenged in a direct proceeding brought for that purpose, and cannot, as appellant urges, be made an issue collateral to another proceeding. State ex rel. Weiner v. Hans, 174 Neb. 612, 119 N. W. 2d 72; Von Dorn v. Mengedoht, 41 Neb. 525, 59 N. W. 800; Haskell v. Dutton, 65 Neb. 274, 91 N. W. 395.

As we cannot consider appellant's first contention, the sole question is whether the notice of hearing was, in this case, so defective as to warrant an injunction against the enforcement of the revocation order.

Section 39-669.16, R. R. S. 1943, provides in part that: "Upon receipt of the officer's report of such refusal, the Director of Motor Vehicles shall notify such person of a date for hearing before him as to the reasonableness of the refusal to submit to the test." It is clear from this language that the notice to appellant met the statutory standard of notice. The issue is, then, whether appellant's right to procedural due process was violated by the fact that the notice of hearing specified the Director's office as the place of hearing, the hearing actually being held in a different room of the same building.

The testimony at the District Court indicates that the standard practice in the Department of Motor Vehicles is to specify the Director's office as the place of hearing. If that office is not to be used on the hearing day, notification is given to the licencee when he appears at

the Director's office. In this case, where the appellant was merely directed to another room located in the same building at which he was to appear, the procedure followed was reasonable. This court has stated that procedural due process requires notice and an opportunity to be heard. Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656. Appellant was given notice of the date of the hearing 2 weeks prior to its occurrence. To have his case heard, appellant merely had to walk to another room in the building where he appeared for his hearing. This does not amount to a denial of due process.

AFFIRMED.