CARMEN G. EMMONS, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF
THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA,
ET AL., APPELLEES.

378 N.W.2d 147

Filed December 13, 1985.   No. 84-575.

John J. Hanley, for appellant.

Patrick T. O'Brien, Deputy Attorney General, and Michele
M. Wheeler, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

GRANT, J.

Carmen G. Emmons was charged with failure to submit to a
test of the alcoholic content of her body fluids, pursuant to
Nebraska's implied consent statute, Neb. Rev. Stat.
§ 39-669.08 (Reissue 1984).

The Department of Motor Vehicles determined that there
was no reason appearing in the record to justify the refusal by
Emmons to submit to such test and found her refusal
unreasonable. The department then revoked her operator's
license and driving privileges for 1 year. On appeal the Douglas
County District Court affirmed the department's order, stating
the department "acted properly and in accordance with law in
issuing said Order of Suspension suspending plaintiff's
operator's license and operating privileges pursuant to Neb.
Rev. Stat. § 39-669.08."

Emmons timely appealed to this court. Her sole assignment
of error is that the district court "erred in finding that the

arresting officer had reasonable grounds to believe that [Emmons] was the driver of the vehicle and was under the influence of liquor at the time." We affirm.

In a case such as this we review the findings of the trial court de novo as in equity. *Jamros v. Jensen, ante* p. 426, 377 N.W.2d 119 (1985); *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979). We also take into account that on appeal to the district court the burden of proof is on the licensee to establish by a preponderance of the evidence the grounds for reversal of the department's order. *Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975).

At 11:35 p.m. on October 17, 1983, Officer Robert West of the Omaha Police Department was dispatched to 42d and Farnam Streets in Omaha to investigate a property damage accident. Officer Edward Hale joined West at this location. Hale had overheard the dispatch on his police radio. Both officers testified that a metal light pole on the northwest corner of the intersection had been struck. There was grillwork, a part from around a headlight, and various other debris from an automobile against and near the light pole. Officer West testified that within a minute upon arriving at the scene, a gentleman, whose name the officer did not note, came up to him and said that he had seen a vehicle hit the pole and continue westbound on Farnam. The witness could not give a description of the auto itself nor of the person driving it.

Officer Hale testified he observed a "gouge mark" in the pavement beginning at the light pole and proceeding westbound on Farnam Street. He further testified that it was a steady gouge mark, "probably a quarter inch deep and . . . very plain to see." Hale was able to follow the indentation in the pavement while driving his cruiser. Hale traced the gouge mark from the scene of the accident west to 49th and Farnam Streets. From there he followed the gouge mark north on 49th Street to Capitol Avenue, and west on Capitol into a private parking lot which is located on the north side of the Dundee Dell bar and Dundee Theatre at 4904 Dodge Street.

Officer Hale went into the parking lot, where he observed the gouge mark leading up to the right front wheel of a vehicle. The

tire on that wheel was pushed to one side with the wheel rim exposed. It appeared that the gouge mark was caused by the exposed wheel rim scraping the pavement as it traveled on the streets. Officer Hale also testified that the right front end of the car was heavily damaged and steam or smoke was coming from under the hood.

Officer Hale traced the license plates on the automobile and determined that the registered owner was the appellant, Carmen Emmons. Officer West arrived shortly thereafter to further assist Hale in the investigation.

While continuing to investigate, Officer Hale testified at trial, he noticed two parties standing in the parking lot. He determined that they had not been driving the car but that a lady had been driving and she had walked into the Dundee Dell bar. Officer Hale had one of the parties accompany him and point out the woman whom the witness had seen get out of the damaged car. In the department hearing, Officer Hale gave a somewhat different account of what transpired, stating he saw four men in the parking lot instead of two. He also said that he obtained a description of the woman from the people in the parking lot and that he identified Emmons pursuant to this description. Officer Hale took down the eyewitnesses' names. They did not testify at trial.

Officer West testified that as both of the officers entered the Dundee Dell, a man came out of the bar. The man told the officers that a woman had just come into the bar claiming her car was on fire and that he was going to check it. The man then pointed out the woman for the officers. She was just inside the rear door of the Dundee Dell using the telephone.

Once inside the Dundee Dell, the officers approached the woman, asking her if she was Carmen Emmons. The woman initially denied she was Carmen Emmons, but then she admitted she was and produced a driver's license. Officer Hale testified that Emmons "had a strong odor of alcohol on her breath; her pupils were dilated; she had slurred speech and she had difficulty walking without using a wall for support." Based on Emmons' condition, it was Officer Hale's opinion that she was intoxicated.

Emmons was then arrested and taken to the Omaha police

station, where she was booked for operating a motor vehicle while intoxicated and leaving the scene of an accident.

At the police station Emmons was given an opportunity to telephone an attorney. She made two telephone calls. Officer West testified that he, Hale, and an I.D. technician then walked Emmons back to a room where the Breathalyzer test is administered. After several requests to take the Breathalyzer test were made and after she was apprised of the penalties for not doing so, Emmons still refused to submit, stating she would not take the test until she "saw a friendly face." Because of Emmons' refusal to submit to the chemical test, Officers West and Hale prepared and signed the required "Sworn Report of Officer of Refusal to Take Chemical Test" and submitted it to the Department of Motor Vehicles pursuant to Neb. Rev. Stat. § 39-669.15 (Reissue 1984).

It is established that as a condition precedent to a valid request by an officer to submit to a chemical test under the implied consent law, the arresting officer must have "reasonable grounds" to believe that the licensee was either driving a motor vehicle or in actual physical control of same while under the influence of intoxicating liquor. § 39-669.08.

Section 39-669.08(2) provides as follows:

> Any law enforcement officer . . . may require any person arrested for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor to submit to a chemical test of his or her blood, breath, or urine for the purpose of determining the alcoholic content of his or her body fluid, when the officer has reasonable grounds to believe that such person was driving or was in the actual physical control of a motor vehicle upon a public highway in this state while under the influence of alcoholic liquor.

If the driver's refusal to submit to the test is not reasonable, revocation of the driver's license and operating privilege is a consequence of such refusal. Neb. Rev. Stat. § 39-669.16 (Reissue 1984); *Stevenson v. Sullivan*, 190 Neb. 295, 207 N.W.2d 680 (1973). We have held that "[j]ustifiable refusal of the test depends upon some illegal or unreasonable aspect in the

nature of the request, the test itself, or both." *Hoyle v. Peterson*, 216 Neb. 253, 256, 343 N.W.2d 730, 733 (1984).

Given the totality of the circumstances in this case, we hold that the police officers had reasonable grounds to believe that Carmen G. Emmons was operating a motor vehicle while under the influence of alcohol and to arrest her. The officers' later request to Emmons to submit to a breath test was proper and Emmons' refusal was unreasonable.

The judgment of the district court is affirmed.

AFFIRMED.