DWAYNE D. LARSON, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF
THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA,
APPELLEE.

424 N.W.2d 352

Filed June 17, 1988.   No. 86-615.

John B. McDermott of McDermott, Depue & Zitterkopf, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

GRANT, J.

This is an appeal from an order of the district court for Howard County affirming an order of the director of the Department of Motor Vehicles revoking the motor vehicle operator's license of appellant, Dwayne D. Larson, for a period of 1 year for appellant's refusal to take a breath test.

The record shows that a hearing was held before a hearing examiner of the department on September 9, 1985. Larson's driver's license was revoked by the director of the department on October 4, 1985. Appellant timely appealed to the district court for Howard County, where the court heard the appeal "as in equity without a jury" and determined anew all questions raised before the director, as provided in Neb. Rev. Stat.

§ 60-420 (Reissue 1984). After the hearing on June 13, the district court revoked appellant's license by order rendered July 8, 1986. Larson appeals to this court.

The record shows that at approximately 2 a.m. on July 13, 1985, a Hall County deputy sheriff clocked Larson's automobile at 71 m.p.h. on a road in Hall County where the speed limit was 55 m.p.h. Larson drove his vehicle about 1 mile after the deputy turned on the red lights on his sheriff's vehicle, and finally stopped at a point ½ mile into Howard County, which adjoins Hall County on the north.

After the stop, the deputy asked Larson if he had been drinking that night. Larson told the deputy he had had "five or six beers." The deputy then asked him to perform various field sobriety tests, such as reciting the alphabet and walking a straight line. The deputy testified that Larson so performed the tests that the deputy thought appellant was "borderline" as far as being required to take a breath test to determine if the appellant had "ten-hundredths of one per cent or more by weight of alcohol in his . . . body fluid," as proscribed by Neb. Rev. Stat. § 39-669.07 (Reissue 1984). The deputy decided "to just let him have a seat back in [Larson's] car" and advised Larson that he, the deputy, "was going to write a citation for speeding."

The deputy wrote out the citation for speeding 71 m.p.h. in a 55-m.p.h. zone and explained to Larson the speeding ticket, the court date, and the fact that he could plead guilty or not guilty. The deputy then asked Larson to sign the citation, as required by statute, to state that he would appear in court on or before the designated court date. Larson told the deputy he would not sign the citation and that he wanted to go to jail because he had had a fight with his wife and did not have any reason to go home. The deputy explained to appellant that he had to sign the citation or the deputy would be required to take appellant to jail in Grand Island, and again asked appellant to sign the citation.

The appellant then said he was not going to sign anything. The deputy testified:

A. I decided that I had misjudged. That he was possibly more intoxicated than I first thought. I asked him — I had told him that if he didn't sign the ticket, he would go to

jail, and I asked him to step out of his car and I advised him I was going to arrest him for speeding and operating a motor vehicle under the influence.

The deputy further testified that appellant was becoming argumentative and that the deputy felt he had misjudged defendant's condition, based partly on the facts that Larson did not seem to realize he was getting a "break" in being allowed to continue to his home in St. Libory and that, "[n]ormally, no one wants to go to jail . . . ."

The deputy took Larson back to Grand Island. There, defendant refused to take a breath test after being fully and properly informed of all his statutory rights in that regard.

After the district court order revoking his license for 1 year, Larson appealed to this court, alleging two errors: (1) that the district court erred "in finding the evidence sufficient to sustain a violation of the implied consent law," and (2) that the 1-year revocation was excessive because it exceeds the 6-month statutory penalty "which went into effect on April 19, 1986." We affirm.

We first note an objection made by the State during oral argument of this case, that the district court for Howard County did not have jurisdiction to determine plaintiff's appeal of the director's order of revocation. A motion to dismiss for lack of jurisdiction was filed by the State and overruled by the district court for Howard County. The State did not cross-appeal on this issue, and the question is not briefed by the parties. Nonetheless, since the issue of jurisdiction is raised, we will consider it. Although this is a civil case, the State's position seems to be based on the provisions of Neb. Rev. Stat. § 29-1301 (Reissue 1985), which provides that all criminal cases shall be tried in the county where the offense was committed. In this case, Larson refused to take the required breath test in Hall County, was arrested in Howard County for incidents occurring in both Howard and Hall Counties, and filed his petition in Howard County. We note only that this proceeding does not involve criminal action and that Neb. Rev. Stat. § 39-669.18 (Reissue 1984) provides that any person aggrieved because of an administrative revocation may appeal to the district court "where the alleged events occurred for which he was arrested, in

the manner prescribed in section 60-420." Section 60-420 provides in part that a person aggrieved by any order of the director may appeal "to the district court of the county in which such person resides . . . ." The record before us shows that Larson resides in Howard County and that some of the events for which he was arrested occurred in Howard County. In view of the circumstances in this record and the manner in which the issue is presented, we determine the district court for Howard County did not err in holding it had jurisdiction of Larson's petition.

This court's review of a district court's review of a decision of the director of the Department of Motor Vehicles is de novo on the record. *Jamros v. Jensen*, 221 Neb. 426, 377 N.W.2d 119 (1985). Appellant contends that since the deputy sheriff had initially determined to issue a citation for speeding and not to arrest defendant for driving while under the influence of intoxicating liquor, any subsequent decision of the deputy was a "clearly retaliatory action" (Brief for Appellant at 10) based on the deputy's irritation at Larson's refusal to sign the speeding citation. We agree fully with the director and the district court and hold, as set out in the trial court's order,

> that the plaintiff was the operator of a motor vehicle and was requested by proper authority to submit to a chemical test for the determination of alcohol in the body fluids; that the plaintiff refused to take the test; that the refusal was not reasonable and that the motor vehicle operator's license and the operating privileges thereunder should be revoked for the statutory period.

We agree with Larson's contention that, as stated in *Emmons v. Jensen*, 221 Neb. 444, 447, 378 N.W.2d 147, 149 (1985),

> [i]t is established that as a condition precedent to a valid request by an officer to submit to a chemical test under the implied consent law, the arresting officer must have "reasonable grounds" to believe that the licensee was either driving a motor vehicle or in actual physical control of same while under the influence of intoxicating liquor. § 39-699.08.

We do not agree with Larson's apparent contention that once a law enforcement officer determines not to arrest a motorist

for drunk driving, that determination forecloses the officer from later determining to arrest the motorist for the offense. In this case, Larson's actions furnished ample evidence for the deputy's change in his decision to issue only a speeding citation. After the deputy had determined to issue the citation and had so informed Larson, Larson became argumentative and insisted on being taken to jail. As the deputy testified, a desire to go to jail is not normally expressed when a motorist is arrested for speeding, and the fact that one fails to recognize when good things are happening to one indicates an impaired judgment. Those facts, added to the "borderline" condition of Larson and Larson's admitted consumption of "five or six beers," furnish more than sufficient evidence to support the deputy's change of decision. To paraphrase, Larson succeeded in snatching confinement from the jaws of liberty in that his own conduct subsequent to the deputy's initial decision furnished sufficient additional evidence to support his arrest for driving while intoxicated.

The totality of circumstances in this case supports our holding that the deputy had reasonable grounds to believe that appellant Larson was operating a motor vehicle while under the influence of alcohol and to arrest him. The deputy's later request to Larson was proper, and Larson's refusal was unreasonable. Appellant's first assignment is without merit.

Larson then contends, in his second assignment of error, that the 1-year revocation of his license was unreasonable in that it exceeded the maximum statutory penalty of 6 months, as set out in Neb. Rev. Stat. § 39-669.16 (Cum. Supp. 1986). The 6-month revocation period became effective on April 19, 1986. Before that time, the statutory revocation was 1 year, as expressed in § 39-669.16 (Reissue 1984).

In *Moore v. Peterson*, 218 Neb. 615, 617, 358 N.W.2d 193, 194-95 (1984), this court held, in connection with an earlier amendment to § 39-669.16,

> The arrest and refusal in this case was made on July 2, 1982, prior to the effective date of the 1982 amendment to Neb. Rev. Stat. § 39-669.16 (Reissue 1978). Consequently, the statute as it existed prior to the amendment is applicable . . . even though the hearing before the director

took place on August 26, 1982, after the effective date of the amendment."

Similarly, in this case, Larson's arrest and refusal on July 13, 1985, as well as the administrative hearing and decision of revocation, took place before the amendment to § 39-669.16 which took effect on April 19, 1986. The basis for such holdings is the general rule in this state that statutes in noncriminal matters are not to be given retroactive effect unless the Legislature has clearly expressed a contrary intention. *Moore v. Peterson, supra; Wheelock & Manning OO Ranches, Inc. v. Heath*, 201 Neb. 835, 272 N.W.2d 768 (1978).

Suspension of one's driving privileges is not a criminal matter, and our examination of 1986 Neb. Laws, L.B. 153, effective April 19, 1986, does not disclose any intention on the part of the Legislature that the amended 6-month revocation period was intended by the Legislature to be retroactively applied. Appellant's second assignment is without merit.

The judgment of the district court is affirmed.

AFFIRMED.