ROBERT W. KOEPP, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

432 N.W.2d 237

Filed December 2, 1988.   No. 87-259.

James D. Livingston, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Robert W. Koepp appeals the 1-year revocation of his motor vehicle operator's license for refusing to submit to a breath test for alcohol. We affirm.

Koepp challenges the manner in which the revocation was imposed by Holly Jensen, the director of the Nebraska Department of Motor Vehicles. The order of revocation was affirmed by the Hall County District Court.

Koepp claims the district court erred six times, which assignments can be summarized as follows: (1) The court erred in failing to find that there is sufficient reason in the record to justify Koepp's refusal to submit to the breath test; (2) the court erred in finding that Jensen had statutory authority to delegate revocation procedures to another; and (3) the court erred in failing to find that Koepp was denied due process under the law.

On March 19, 1986, after drinking in a bar in Grand Island, Koepp was stopped by a Grand Island police officer, Officer Michael Durant, for driving without his headlights on and for weaving on the road. Officer Durant testified that Koepp's eyes were bloodshot, he had a strong odor of alcoholic beverage on his breath, and his movements were uncoordinated. The officer asked Koepp to perform four field sobriety tests, which Koepp attempted and failed.

The officer then at 1:10 a.m. arrested Koepp for driving while under the influence of alcohol. Koepp was taken to the Hall County jail, where he was asked to perform the same sobriety tests. Koepp did not attempt any of the tests.

Officer Durant had Koepp read an implied consent advisement postarrest form which addressed the consequences of refusing to submit to a chemical test. Koepp signed the form without question. Durant then attempted to establish the required 15-minute waiting period before administering a breath test. Koepp, however, would not cooperate by allowing the officer to determine if he had anything in his mouth. Koepp

was cited for refusing to submit to the test. A notarized report of the refusal was forwarded to the Department of Motor Vehicles.

An implied consent hearing was held on May 13, 1986, pursuant to Neb. Rev. Stat. § 39-669.16 (Reissue 1984). A hearing officer made a recommendation to Gerald Pankonin, staff attorney for the Department of Motor Vehicles.

Pankonin testified that as a part of his job, he reviews a written memorandum concerning the evidence adduced at a hearing, as well as the hearing officer's recommendation. Pankonin then makes the decision as to whether a motor vehicle operator's license should be revoked. After Pankonin makes the determination regarding revocation, he sends the order to a secretary, who types it. The secretary then affixes a stamped facsimile of Jensen's signature on the order.

Jensen is consulted only in cases that are in "gray areas" or are "close calls." Pankonin did not contact Jensen regarding Koepp's case because it was a "simple enough case." An order was issued by the Department of Motor Vehicles, bearing Jensen's stamped signature, revoking Koepp's license for 1 year. Koepp appealed to the Hall County District Court, where the case was heard de novo. See *Porter v. Jensen*, 223 Neb. 438, 390 N.W.2d 511 (1986). See, also, Neb. Rev. Stat. § 60-420 (Reissue 1984). The Hall County District Court affirmed the revocation order from the Department of Motor Vehicles.

The appellant expressly elected to forgo discussion of the first assignment of error by not discussing it in his brief. "Errors assigned but not discussed will generally not be considered by this court." *State v. Burke*, 225 Neb. 625, 629, 408 N.W.2d 239, 244 (1987); *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987); *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986); Neb. Ct. R. of Prac. 9D(1)d (rev. 1986).

With respect to the delegation issue, we addressed nearly an identical situation in *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986). There, the plaintiff's operator's license was revoked by a determination made by the deputy director of the Department of Motor Vehicles. As did the staff attorney in the present case, the deputy director in *Fulmer* reviewed the evidence as submitted by the hearing officer and then made the

determination. In *Fulmer*, both the revocation order and the certificate of service attached thereto bore Jensen's signature.

As this court noted in *Fulmer*, Neb. Rev. Stat. § 60-1503 (Reissue 1984) specifically provides, "The Director of Motor Vehicles shall have authority to employ such personnel, including legal, and technical advisors as may be necessary to carry out the duties of his office."

The *Fulmer* court held at 585, 379 N.W.2d at 739, "The authority of the director to delegate her implied consent revocation duties is fairly implied by § 60-1503." For the reasons set forth in *Fulmer*, we conclude that Jensen lawfully delegated to Pankonin her responsibilities regarding implied consent determinations and the use of her signature stamp with regard thereto.

Koepp claims he was denied due process because Jensen did not hear his case, yet her facsimile signature was stamped on the order. This court has held that procedural due process requires notice and an opportunity to be heard. See, *Dieter v. State*, 228 Neb. 368, 422 N.W.2d 560 (1988); *Bockbrader v. Department of Insts.*, 220 Neb. 17, 367 N.W.2d 721 (1985); *Atkins v. Department of Motor Vehicles*, 192 Neb. 791, 224 N.W.2d 535 (1974). Koepp does not complain that he did not receive notice or that he did not have an opportunity to be heard, but rather that he did not have an opportunity to be heard by Jensen.

Relying upon *Morgan v. United States*, 298 U.S. 468, 56 S. Ct. 906, 80 L. Ed. 1288 (1936), appellant claims that the individual who heard his case was not the individual who decided it and, therefore, the Department of Motor Vehicles' revocation was invalid. In *Morgan*, the U.S. Secretary of Agriculture made a decision against the appellants, apparently without considering or being apprised of the evidence. *Morgan* stands for the proposition that the individual who makes the determinations must be apprised of and consider the evidence which justifies them.

In Koepp's case, the evidence is clear that the decisionmaking was lawfully delegated to Pankonin and that he made the revocation decision. Before finalizing the case, Pankonin reviewed a written memorandum concerning the evidence adduced at the hearing, as well as the hearing examiner's

recommendation. Had the Secretary of Agriculture followed the procedure used for Koepp, the decision in *Morgan* likely would have been compatible with the conclusion we reach in this case. As stated in *Morgan*, 298 U.S. at 478-79:

> If the Secretary had assigned to the Assistant Secretary the duty of holding the hearing, and the Assistant Secretary accordingly had received the evidence taken by the examiner, had heard argument thereon and had then found the essential facts and made the order upon his findings, we should have had simply the question of delegation.

Under those circumstances, it would have been proper for the Assistant Secretary to make the decision after being apprised of the evidence and after considering the evidence.

Since we have found that the Director of Motor Vehicles may delegate the task of determining whether a motor vehicle operator's license should be revoked for refusing to take a breath test for alcohol, and because the procedure suggested by the U.S. Supreme Court was followed in revoking Koepp's license, the appellant was not denied due process of law.

Additionally, Koepp appealed to the district court, where his case was heard de novo. Therefore, due process was satisfied in the district court hearing, as evidence was heard anew and an independent decision was made by the trial judge.

Likewise, this court reviews de novo, as in equity, the findings of the trial court on appeal from a revocation of a motor vehicle operator's license under the implied consent statute. *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979); *Emmons v. Jensen*, 221 Neb. 444, 378 N.W.2d 147 (1985).

In the courts, in Koepp's case, the evidence was twice considered anew by the decisionmakers. His claim of lack of due process has no validity. The decision of the district court must be affirmed.

AFFIRMED.

WHITE, J., concurs.