SANDRA BEAMAN, APPELLANT, V. COOK FAMILY FOODS, LTD., APPELLEE.

507 N.W.2d 462

Filed October 29, 1993. No. S-92-190.

Stephen Speicher for appellant.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

This appeal arose from a decision issued by the Nebraska

Workers' Compensation Court awarding plaintiff-appellant, Sandra Beaman, permanent partial and temporary total disability benefits. The parties' attorneys had stated at the hearing that they would submit certain depositions later, and the compensation court had authorized this procedure. The case was decided without the evidence and without notice to the attorneys. Plaintiff appealed, claiming the compensation court exceeded its authority in deciding the case without considering posthearing deposition evidence. The Nebraska Court of Appeals vacated the judgment and remanded the cause. We granted further review. We affirm.

## FACTS

On September 7, 1988, plaintiff began working for defendant, Cook Family Foods, Ltd., as a meat trimmer. Approximately a week later, on September 13, plaintiff experienced pain in her back and neck and found that she could not hold or handle the trimming knife. Her petition stated that she had developed a cumulative trauma from the repetitive use of her hands, wrists, and forearms. She testified that she had experienced pain in her hands and arms from September 1983 through the months preceding her employment with defendant.

Although plaintiff received medical attention, and retained her employment with defendant, she did not return to the same position as a meat trimmer, and eventually, the employment relationship was terminated on November 3, 1988. In January 1989, plaintiff underwent a right carpal tunnel release. By November 6, 1989, a letter from plaintiff's physician, Dr. Dennis Bozarth, stated that plaintiff had a rating of 4-percent permanent impairment to each hand and a rating of 2- to 3-percent impairment to each arm. The letter also stated that plaintiff could return to work with "functional limitations."

From November 1989 through March 1990, Dr. Bozarth completed forms which described possible jobs for plaintiff. Claiming the pain was completely debilitating, plaintiff never returned to work after her last day with defendant on November 3, 1988.

Plaintiff's original petition was dismissed, but a rehearing was granted, and a hearing date of May 3, 1991, was agreed

upon. On April 16, plaintiff motioned for a dismissal without prejudice, which motion the compensation court denied. The hearing was rescheduled for September 13. At the hearing, the compensation court denied plaintiff's motion for a continuance, but permitted plaintiff to submit posthearing depositions.

Five months passed after the hearing without any communication between the court and the parties. On February 12, 1992, without having reviewed the posthearing depositions, the compensation court found that plaintiff was entitled to benefits for injuries resulting from her employment with defendant and awarded her a combination of permanent partial and temporary total disability benefits. The posthearing depositions had been taken as scheduled on October 15 and 17, 1991, but were not placed into evidence until several weeks after the compensation court's decision. Also not completed before the compensation court's decision were the depositions of the vocational specialists. Plaintiff appealed, asserting that the compensation court erred in deciding the claim prior to receipt of the posthearing depositions.

## STANDARD OF REVIEW

Beaman claims the Nebraska Workers' Compensation Court acted in excess of its powers.

Neb. Rev. Stat. § 48-185 (Cum. Supp. 1992) provides:

A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the compensation court do not support the order or award.

## ANALYSIS

The Court of Appeals vacated the judgment of the compensation court, finding that the compensation court exceeded its powers by deciding the case without establishing a deadline for the submission of the evidence it had agreed to

receive after the hearing. We agree with the Court of Appeals that the judgment should be vacated. However, we also find that the compensation court exceeded its powers by not notifying Beaman of its intention to make a final determination of the case. This deprived Beaman of the due process provided under the Nebraska Workers' Compensation Act.

The Workers' Compensation Act governs claims made by an employee who is injured in the performance of his or her work. See Neb. Rev. Stat. §§ 48-101 to 48-1,110 (Reissue 1988 & Cum. Supp. 1992). The act provides for a hearing before the Workers' Compensation Court. § 48-164. The procedure followed by the Workers' Compensation Court at the time this action was commenced permitted the court to receive posthearing depositions which would assist the court in making its determinations. We find that under that procedure, Beaman should have been notified by the compensation court of its intention to make a final determination on her claim in order to give her a fair opportunity to submit the posthearing depositions the court had agreed to receive. Due process requires reasonable notice and fair opportunity to be heard at some stage of the proceedings prior to a final determination. *Rhodes v. Houston*, 202 F. Supp. 624 (D. Neb. 1962), *aff'd* 309 F.2d 959 (8th Cir.), *cert. denied* 372 U.S. 909, 83 S. Ct. 724, 9 L. Ed. 2d 719 (1963). Procedural due process requires notice and an opportunity to be heard. *Koepp v. Jensen*, 230 Neb. 489, 432 N.W.2d 237 (1988). The compensation court's failure to provide notice to Beaman deprived her of a full and fair hearing of her claim. There is evidence that when the compensation court granted Beaman leave to submit the posthearing deposition evidence, there was an expectation that the evidence would be submitted soon thereafter. However, the record reflects that no definite or certain date was enunciated.

THE COURT: Tell me now the names of the people you're going to depose and when I can expect the depositions.

MR. SPEICHER: We have a date set with Dr. Bobenhouse, October 15; with Dr. Bozarth, October 17. I have forgotten Mr. Beaty's first name.

MR. HOFFERT: John, I believe.

MR. SPEICHER: John, John Beaty.

MR. HOFFERT: That's a good name.

MR. SPEICHER: Beaty, I think. He's the physical capacities assessment person from July. His deposition has begun. We are partway through the cross-examination. We hope to be able to complete that within the next two weeks. The same would be true for Michael McKeeman, who is a vocational expert testifying at the Social Security hearing. We have not discussed a date for Ms. Determan's deposition, but I wouldn't imagine it would —

MR. HOFFERT: It will be likely after I get your experts' opinions and we do the depositions.

MR. SPEICHER: I would think shortly after we've done the doctors' depositions in mid-October we'd be able to submit our written positions, if that's agreeable.

MR. HOFFERT: That's fine.

THE COURT: Mr. Hoffert, do you wish to take Ms. Determan's deposition after the depositions that Mr. Speicher —

MR. HOFFERT: That would be my preference, yes, Your Honor.

THE COURT: So you're talking something after October 17; right?

MR. HOFFERT: I'm not sure when we'll be doing Mr. McKeeman or —

THE COURT: Bozarth was the last one he mentioned.

MR. HOFFERT: Right. That's fine. It will be after that, within a week, assuming Ms. Determan is available. She looks available for depositions. Excuse me. I'm sorry.

THE COURT: And we would expect those depositions to be filed as soon as —

MR. SPEICHER: Right.

MR. HOFFERT: Yes. And we will instruct the court reporter —

THE COURT: And as soon as Ms. Determan's deposition has been taken, we'll give you ten days thereafter to submit your written briefs.

MR. HOFFERT: All right, Judge.

MR. SPEICHER: I think Mr. Hoffert has a good point that the vocational people should be deposed after the medical depositions, and I think we should, therefore, do Mr. McKeeman's after those as well. We could probably do those doctors maybe even on the same day.

THE COURT: All right. You and Mr. Hoffert can work that out.

MR. HOFFERT: We'll work it out, and we'll do it as quickly as we can.

MR. SPEICHER: Right.

A significant amount of time had transpired between the date of the hearing and the date of the final decision. Nevertheless, the compensation court's act of making a final determination without giving Beaman the opportunity to submit the evidence was unwarranted. The compensation court's failure to provide a specific deadline for the reception of evidence placed upon it the duty, prior to rendering the opinion, to apprise Beaman of its intention to make a final decision. Thus, the compensation court acted in excess of its powers in deciding the case without giving Beaman notice and a deadline to submit the evidence before making its final determination.

## CONCLUSION

We therefore affirm the decision of the Court of Appeals which vacated the judgment of February 12, 1992, and remanded the cause to the compensation court with directions to consider the posthearing evidence which the compensation court agreed to receive.

AFFIRMED.

SHANAHAN, J., not participating.