REQUESTED BY: Mr. Alfonza Whitaker Nebraska Equal Opportunity Commission
You have requested an Attorney General's Opinion which addresses the following questions:
 (1) Pursuant to Neb. Rev. Stat. § 48-1119(3), who has the authority and responsibility to make and file a finding of fact and conclusion of law and enter the appropriate final order?
 (2) If it is the responsibility of the Commissioners, can the responsibility be delegated?
 (3) If the Commission does not act within ten days, what is the effect on the recommendation from the hearing officer?
 (4) Are special meetings necessary if the Commissioners are not able to delegate these powers?
(5) Are the Commissioners to be paid for special meetings?
It is clear that the statute authorizes the Commissioners to make findings of fact and conclusions of law, and to enter the appropriate final order. Based on an examination of the statute and the relevant case law, we conclude that the Commissioners do not have the authority to delegate these powers to their subordinates. Further, it appears that Neb. Rev. Stat. § 48-1119
requires the Commission to act on the hearing officer's recommendation within ten days, and that a failure to do so could affect the validity of the final order. We also conclude that special meetings could be used to allow the Commission to act on a recommendation within ten days. Finally, while Neb. Rev. Stat. §48-1116 would preclude the Commissioners from being reimbursed for their expenses for special meetings, the statute permits the payment of their normal compensation for special meetings.
The authority of the NEOC to adjudicate charges of unlawful employment practices is defined in Neb. Rev. Stat. § 48-1119. Under Neb. Rev. Stat. § 48-1119(3), ". . . the commission shall . . . make and file its findings of fact and conclusions of law and make and enter an appropriate order." This provision clearly indicates that it is the responsibility of the Commission, not the Commission's subordinates, to make findings of fact and conclusions of law, and to enter an appropriate order. However, it is not clear whether the Commission's authority may be delegated to subordinate employees of the Commission, such as the Executive Director.
The general rule is that statutorily authorized officers may not delegate their quasi-judicial or discretionary powers to their subordinates:
 In general, administrative officers and bodies cannot alienate, surrender, or abridge their powers and duties, and they cannot legally confer on their employees or others authority and functions which under the law may be exercised only by them or by other officers or tribunals. Accordingly, in the absence of permissive constitutional or statutory provisions, administrative officers and agencies cannot delegate to a subordinate or another powers and functions which are discretionary or quasi judicial in character, or which require the exercise of judgment; and subordinate officials have no power with respect to such duties. On the other hand, the general rule is that mere ministerial functions may be delegated.
73 C.J.S. Public Administrative Law and Procedure § 56 at 513-14 (1983).
The Nebraska Supreme Court's holding in Bohling v. StateBoard of Public Accountancy, 243 Neb. 666, 501 N.W.2d 714 (1993) suggests, in accord with the general rule cited above, that the Commission's authority to make findings of fact and conclusions of law, and to enter final orders cannot be delegated to the Executive Director. In Bohling, an accountant appealed a decision revoking his certified public accounting certificate. The revocation was executed by the Executive Director of the Board of Public Accountancy, and not by the Board itself. The Court determined that the accountant's license had not been validly revoked because the Executive Director was not statutorily authorized to execute revocations: "No statutory authority for the Executive Director to execute an order of revocation has been cited to us, nor have we found any such authority. The power to revoke a certificate of a certified public accountant is in the Board, not in the executive director. It therefore follows that it is the members of the Board who agree with the revocation or its chairman who must execute the revocation order." Bohling,243 Neb. at 666-67. Similarly, the statutory authority to enter final orders in NEOC cases rests with the Commission, not with the Executive Director. Accordingly, Bohling would seem to suggest that NEOC final orders may not be entered by the Executive Director.
Analysis contained in a Nebraska Attorney General's Opinion also supports the conclusion that the Commission's power may not be delegated. In Neb. Op. Atty. Gen. No. 96004, the Attorney General responded to an inquiry regarding whether members of the Commission on Law Enforcement and Criminal Justice can send representatives to participate in their place at meetings of the Commission. In that opinion, the Attorney General concluded that:
 [h]ad the Legislature intended that Commission members could send designees in their place, language to that effect could have been included in the statutes dealing with the Commission. There are no provisions in the statute or related statutes providing for substitute attendance. Since no such language was included, we can only assume the legislature anticipated the Commission members would not have the ability to designate substitute representatives. Therefore, we believe that the members appointed to the Commission by the Governor cannot send substitute representatives to act in their stead.
It should be noted that the Nebraska Supreme Court recognized an exception to the general rule in Fulmer v. Jensen,221 Neb. 582, 379 N.W.2d 736 (1986), and Koepp v. Jensen,230 Neb. 489, 432 N.W.2d 237 (1988). In Fulmer, the Court considered whether the power to revoke or suspend a drivers license could be delegated to the Deputy Director of the Department of Motor Vehicles (DMV) when the statute provided that such determinations were to be made by the Director of the DMV. The Court concluded that this task could be delegated because "[t]he authority to delegate discretionary and quasi-judicial powers to agency subordinates is implied where the powers bestowed upon an agency head are impossible of personal execution." Fulmer, 221 Neb. at 585, 379 N.W.2d at 739
(internal quotation marks omitted). The Court noted that the DMV handles so many of the cases of the sort at issue in Fulmer
(up to 1600 per year) that personal attention to each one by the Director would be impossible, and that Neb. Rev. Stat. §60-1503 (which provides that "the Director of Motor Vehicles shall have authority to employ such personnel, including legal, and technical advisors as may be necessary to carry out the duties of his office") fairly implies "[t]he authority of the director to delegate her implied consent revocation duties. . . ."Fulmer, 221 Neb. at 585, 379 N.W.2d at 740. In Koepp, the Court determined that the same authority at issue in Fulmer was validly delegated to a DMV staff attorney.
While it could be argued that under Fulmer and Koepp, the NEOC Commissioners could delegate their authority to enter final orders to the Executive Director if it would be impossible for the Commissioners to personally review each case, the factors involved when examining the NEOC's power to delegate are not identical to those involved in Fulmer and Koepp. In those cases, there was a statute providing that the "Director of Motor Vehicles shall have authority to employ such personnel, including legal, and technical advisors as may be necessary to carry out the duties of his office." Neb. Rev. Stat. § 60-1503. From this broad and vague grant of authority, the Court implied the authority of the director to delegate his powers to subordinates. The statute authorizing the employment of an Executive Director by the NEOC does not include a similarly explicit statement from which the power to delegate may be as easily implied. The statute does not contain words to the effect of "the commission may employ an executive director to aid in the execution of all its duties." Rather, the statute merely states that "[t]he commission shall appoint an executive director who shall be directly responsible to the commission." Neb. Rev. Stat. § 48-1116.
Under Neb. Rev. Stat. § 48-1119(3), the findings of fact, conclusions of law, and final order must all be made "within ten days of the receipt of the transcript or the receipt of the recommendations from the hearing officer." The mandatory nature of the language used in the statute would seem to indicate that a final order, if it is to be entered, must be entered within ten days of the receipt of the transcript or the hearing officer's recommendation. Under § 48-1120(1), any party to a proceeding before the NEOC can appeal the Commission's decision to district court under the Administrative Procedure Act (APA). The APA, Neb. Rev. Stat. § 84-917(6)(a), states that the district court may reverse the decision of an agency if the substantial rights of the petitioner have been prejudiced because the decision is "made upon unlawful procedure" or "in excess of the statutory authority or jurisdiction of the agency." It could therefore be argued that a failure of the Commission to comply with the provisions of §48-1119(3) constitutes grounds for a reversal by the district court.
Special meetings of the Commission would seem to be one solution to the problem if final orders required personal action by the Commissioners. Special meetings could be called as needed to consider the cases within ten days of the submission of the hearing officer's recommendation. (Another possible solution would be for the Commission to request that hearing officers submit their recommendations shortly before the monthly Commission meeting, allowing the Commissioners adequate time to examine the recommendation before making a decision on the final order at the meeting.)
With regard to the calling of a special meeting, Neb. Rev. Stat. § 48-1116 provides that "[m]embers of the commission shall receive fifty dollars per day for their services and shall be reimbursed for their expenses. . . . Reimbursement shall be for not more than two regular meetings per month and not more than three training sessions for any one fiscal year." If the Commission decided to call a special meeting to consider a hearing officer's recommendation, it appears that under the statute, the Commissioners could be compensated for their services, but not reimbursed for their expenses.
In conclusion, the Commission's authority to make findings of fact and conclusions of law, and to enter a final order under Neb. Rev. Stat. § 48-1119(3) cannot be delegated. The language of Neb. Rev. Stat. § 48-1119 directs the Commission to act on the hearing officer's recommendation within ten days, and a failure to comply with this time limitation could affect the validity of the Commission's final order. In order to meet the ten-day requirement, a special meeting could be called and in that case, the Commissioners could receive their normal compensation for attending the meeting, although they could not be reimbursed for their expenses.
Sincerely,
 DON STENBERG Attorney General
 Suzanna Glover-Ettrich Assistant Attorney General
APPROVED BY:
DON STENBERG
Attorney General