REQUESTED BY: Joseph C. Steele State Court Administrator
2003 Neb. Laws LB 320, § 3 amended Neb. Rev. Stat. §24-721(1995) to provide that a judge who receives official notice of proceedings against him or her before the Nebraska Commission on Judicial Qualifications (the "Commission") "shall not be allowed to retire pursuant to the Judges Retirement Act until the matter is resolved by the commission or the Supreme Court, if the commission recommends action by the court." LB 320 contained an emergency clause, and became effective on May 30, 2003.
Prior to May 30, 2003, Judge Orville L. Coady filed papers with the Nebraska Public Employees Retirement Board (the "Board") and your office indicating that he was retiring as a judge, effective on June 1, 2003. As a result, Judge Coady asked you, pursuant to Neb. Rev. Stat. §24-701(23) (Cum. Supp. 2002), to send the necessary papers to the Board indicating that he had terminated his employment with the State. Section24-701(23) provides that you must notify the Board within two weeks after the date upon which you determine that a judge's employer-employee relationship with the State of Nebraska is dissolved.
The Commission currently has a complaint pending before it against Judge Coady, and that complaint was pending at the time that Judge Coady filed his retirement papers with the Board and with your office. Therefore, you have asked us, in light of LB 320 and the circumstances of this case, whether you can notify the Board that Judge Coady's employment relationship with the State of Nebraska is dissolved, based upon the documents he filed with the Board and his communications with your office.
 FACTS
Our understanding of the facts in this instance is based upon materials you provided to us with your opinion request, and materials which were provided to us by the Board. We also have received a copy of various materials filed in In the Matter of Orville L. Coady, District Judge for the First Judicial District of the State of Nebraska, No. 35-030001 (Nebraska Commission on Judicial Qualifications).
On March 23, 2003, the Commission filed a complaint against Judge Coady, a District Judge for the First Judicial District in Nebraska. That Complaint alleged that Judge Coady made inappropriate racial or ethnic remarks in court, and that he engaged in a pattern of misconduct which suggested pre-judging or pre-determination of issues. In the Matter of Orville L. Coady, District Judge for the First Judicial District of the State of Nebraska, No. 35-030001 (Nebraska Commission on Judicial Qualifications) (Order of the Special Master dated June 26, 2003).
Subsequently, in a letter to Chief Justice John V. Hendry dated May 7, 2003, Judge Coady stated:
 I wish to take this opportunity to give you official notice of my intent to retire effective June 1, 2003. To the extent a letter of resignation might also be necessary to effectuate my retirement, please consider this letter as my notice of resignation effective June 1, 2003.
 It is further my intention to hereby give notice that I do not consent to sit as a retired judge on any future matters. Please eliminate my name from consideration for appointment to any future matters.
Letter from Judge Orville L. Coady to Chief Justice John V. Hendry (May 7, 2003) (on file with the State Court Administrator's Office). The next day, on May 8, 2003, the Board received a completed Nebraska Judges' Retirement System Application For Retirement Annuity form which contained Judge Coady's notarized signature. Finally, on May 30, 2003, Judge Coady wrote to you and to Chief Justice Hendry, and said:
 You have previously received my unconditional letter of resignation dated May 7, 2003. It is my intention to honor this. However, if it is not considered to be effective pursuant to the Judge's Retirement Act, I will resume my duties as District Judge in the First Judicial District forthwith.
Letter from Judge Orville L. Coady to Chief Justice John V. Hendry and Mr. Joe Steele (May 30, 2003) (on file with the State Court Administrator's Office).
As noted previously, LB 320 was passed by the Legislature and approved by the Governor on May 29, 2003. Since it contained an emergency clause, LB 320 became effective on May 30, 2003. Op. Att'y Gen. No. 87049 (April 15, 1987). Section 3 of LB 320 added the following language to Neb. Rev. Stat. § 24-721 (1995):
A judge who receives official notice of a complaint or request pursuant to this section shall not be allowed to retire pursuant to the Judges Retirement Act until the matter is resolved by the commission [on Judicial Qualifications] or the Supreme Court, if the commission recommends action by the court.
 ANALYSIS
You have requested our opinion as to whether you can notify the Board that Judge Coady has dissolved his employer-employee relationship with the State under the circumstances of this case, and in light of LB 320. It seems to us that the answer to that question turns upon whether Judge Coady successfully retired as a result of his actions in May prior to the passage of LB 320, and also upon the nature of your duties in the retirement process for judges. For the reasons discussed below, we believe that Judge Coady did successfully retire in early May, and that you may, therefore, notify the Board that his employment with the State has terminated.
Several Nebraska statutes have direct application to efficacy of Judge Coady's May retirement and your duties in the retirement process. First of all, prior to May 30, 2003, and the passage of LB 320, Neb. Rev. Stat. § 24-708 (Cum. Supp. 2002) stated, as is pertinent:
 (1) Any judge may retire upon reaching the age of sixty-five and upon making application to the [Public Employees Retirement] board. Upon retiring each such judge shall receive retirement annuities as provided in section 24-710.
* * *
 (4) The effective date of retirement payments shall be the first day of the month following (a) the date a member qualifies for retirement as provided in this section or (b) the date upon which a member's request for retirement is received on an application form provided by the retirement system, whichever is later. An application may be filed no more than ninety days in advance of qualifying for retirement.
(Emphasis added).[1] With respect to § 24-708(4), it is our understanding that the Board has taken the position in written materials which it has distributed to members of the Judges Retirement System that a judge "qualifies" for retirement when he or she reaches retirement age and terminates employment with the State. Publication on the Nebraska Judge's Retirement System, 6 (September, 1997) (on file with the Nebraska Public Employees Retirement Board). That position is supported by Neb. Rev. Stat. § 24-706(2) (Cum. Supp. 2002) which states, "[a]ny member whose service is terminated at or subsequent to age sixty-five shall be considered as beginning normal retirement and annuity payments shall begin as provided in section 24-710." (Emphasis added).
In addition to §§ 24-706(2) and 24-708, Neb. Rev. Stat. §24-701(23) establishes duties for your office:
 Termination of employment [for a judge] occurs on the date on which the State Court Administrator's office determines that the judge's employer-employment relationship with the State of Nebraska is dissolved. The State Court Administrator's office shall notify the board within two weeks after the date such a termination is deemed to have occurred.
When the statutes cited above are read together, it appears to us that, prior to May 30, 2003, all a judge needed to do to retire under the express provisions of § 24-708(1) emphasized above was to reach age sixty-five and to file a proper application form with the Board. In that regard, your duties pertaining to notification of the Board concerning a judge's termination date seem more related, under § 24-708(4), to determination of the first date for retirement payments than to the actual retirement itself. With that analysis in mind, we believe that Judge Coady effectively retired when he filed his application to do so on May 8, 2003.[2] You should, therefore, notify the Board when his employment with the State is or was terminated, so that retirement payments can begin.
It could be argued that LB 320 applies to Judge Coady in the present case because that statutory change should be retroactively applied. However, statutes in a noncriminal matter are not to be given retroactive effect unless the Legislature has clearly expressed a contrary intention. Larson v. Jensen, 228 Neb. 799, 424 N.W.2d 352 (1988). And, a legislative act operates only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively are clearly disclosed. Abboud v. Papio-Missouri River Natural Resources Dist., 253 Neb. 514, 571 N.W.2d 302 (1997). The amendment to LB 320 which added the language regarding judges' retirement which is at issue was added late in the legislative process. We have reviewed the legislative history of that amendment, and there is no clear statement that it should be retroactively imposed. Therefore, we do not believe that LB 320 applies to Judge Coady's retirement.[3]
Our analysis of the retirement statutes set out above is supported by an order of the Special Master in In the Matter of Orville L. Coady, District Judge for the First Judicial District of the State of Nebraska, No. 35-030001 (Nebraska Commission on Judicial Qualifications). Judge Coady filed a Motion to Dismiss in that proceeding, and argued that he had retired on May 8, 2003, so as to make the proceeding against him moot. In that context, District Judge Sandra L. Dougherty, acting as a Special Master for the Nebraska Commission on Judicial Qualifications, considered an argument that LB 320 applied to Judge Coady so as to prevent his retirement. Judge Dougherty stated:
 It is undisputed that Respondent [Judge Coady] filed his application to retire prior to the effective date of the legislative provision amending § 24-721. Respondent sent his letter of retirement to Chief Justice Hendry on May 7, 2003, and his application to retire was received by the Nebraska Retirement Systems on May 8, 2003. Further, the statutes in effect at the time, provided that "[A]ny judge may retire upon reaching the age of 65 and upon making application to the board." Significantly, on May 8, 2003, there was no statute limiting a judge's ability to retire if he or she had a complaint pending with the [Judicial Qualifications] Commission. It is also undisputed that Respondent was the age of 66 when he submitted his application to the board and no other conditions were required to be satisfied to effect his retirement.
 It is the opinion of the Special Master that the May 30, 2003, amendment to § 24-721 is not applicable to the Respondent. On May 8, 2003, Respondent was qualified and eligible to retire from judicial office in accordance with the Judges' Retirement Act. He satisfied and complied with all necessary requirements to effectuate his retirement. The fact that his letter to Chief Justice Hendry referred to June 1, 2003, and his application stated that his last date for salary as a judge was May 31, 2003, did not change the unalterable fact that Respondent had done everything he could to retire on May 8, 2003. Even [counsel for] the [Judicial Qualifications] Commission concedes that "[i]f his letter of May 7, 2003 effectively retired him on that date with a `last day of work' to be June 1, 2003, then [Respondent] may have retired prior to the time the statute took effect and therefore LB 320 probably would not apply to him." Accordingly, the Special Master finds that the amendment to § 24-721
does not apply to Respondent due to the unique circumstances of this case.
In the Matter of Orville L. Coady, District Judge for the First Judicial District of the State of Nebraska, No. 35-030001 (Nebraska Commission on Judicial Qualifications) (Order of the Special Master dated June 26, 2003, at page 3) (Citations Omitted).
Finally, it appears to us that one possible purpose underlying the provision in LB 320 which prohibits a judge from retiring while disciplinary proceedings against him or her are pending is to ensure that the disciplinary process continues, and that a judge cannot avoid being disciplined for his or her misconduct as a judge by simply taking retirement before a decision is rendered. With respect to that purpose, we note that nothing in the pertinent constitutional or statutory provisions governing discipline of judges (Neb. Const., art. V, § 30, and Neb. Rev. Stat. §§ 24-721 through 24-723 (1995)) prohibits the Commission on Judicial Qualifications or the Nebraska Supreme Court from proceeding against a judge even after the judge has retired from the bench; albeit, as a practical matter, some forms of discipline authorized by the Constitution and statutes would not be applicable in that situation. Judge Dougherty has reached a similar conclusion in the case involving Judge Coady. In the Matter of Orville L. Coady, District Judge for the First Judicial District of the State of Nebraska, No. 35-030001 (Nebraska Commission on Judicial Qualifications) (Order of the Special Master dated June 26, 2003, at page 7).
In sum, it is our view that, under the circumstances of this case, Judge Coady retired when he filed his completed retirement application with the Board on May 8, 2003. You may, therefore, notify the Board when his employment relationship with the State is terminated.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
______________________________ Attorney General
[1] LB 320 amended Section 24-708(1) to state that a judge may retire upon reaching the age of sixty-five and upon making application to the board, except as provided in § 24-721 dealing with judges with pending complaints against them. 2003 Neb. Laws LB 320, § 2.
[2] It is clear from the materials we have reviewed that Judge Coady has reached the age of 65.
[3] Retroactive application of LB 320 could also raise constitutional issues regarding vested contract and retirement rights. Calabro v. City of Omaha, 247 Neb. 955, 532 N.W.2d 541 (1995); Halpin v. Nebraska State Troopers Retirement System, 211 Neb. 892, 320 N.W.2d 910 (1982).