REQUESTED BY: Mike Foley
State Auditor
On April 3, 2008, you requested a formal opinion from the Attorney General's Office regarding changes to Neb. Rev. Stat. § 35-901(4)(b) made by 2008 Neb. Laws LB 1096, § 4. You have two questions regarding the interpretation and application of this legislation:
(1) Will this new section of statute apply only to those qualifying funds collected after the enabling legislation's effective date, or will it apply retroactively to include all qualifying funds, regardless of how long ago they might have been collected? and
(2) If the language is to be interpreted to apply retroactively, does the language restrict such retroactive application to merely the five preceding years — or, as in the case of Bellevue, would the city be permitted to lay claim to program funds far outside of the five-year audit limitation?
For the reasons set forth below, we conclude that LB 1096 is not to be applied retroactively, and applies only to funds collected after the effective date of LB 1096. Thus, we need only address your first question, and not the second.
LB 1096, § 4 Is Not To Be Applied Retroactively
LB 1096, § 4, which was passed by the Legislature on March 25, 2008 and signed by Governor Heineman on March 31, 2008, provides for Neb. Rev. Stat. § 35-901(4)(b) as follows:
 (b) Funds, fees, or charges solicited, collected, or received by a volunteer department that are (i) in consequence of the performance of fire or rescue services by the volunteer department at a given place and time, (ii) accomplished through the use by the volunteer department of equipment owned by the taxing authority supporting such department and provided to the volunteer department for that purpose, and (iii) paid by or on behalf of the recipient of those services shall not be deposited in a trust fund authorized by this section. Such funds are public funds of the taxing authority supporting the volunteer department and are deemed to have been collected by the volunteer department as the agent of the taxing authority and are held by the department on its behalf. If such funds are in the possession of a volunteer department, the taxing authority shall cause all the books, accounts, records, vouchers, expenditures, and statements regarding such funds to be examined and independently audited at the expense of the taxing authority by a qualified professional auditor or the Auditor of Public Accounts for the immediately preceding five years.
2008 Neb. Laws LB 1096, § 4.
In conducting our analysis of whether this language is intended be applied retroactively, we should first mention certain basic principles of statutory construction. The language in statutes should be given its plain and ordinary meaning. In re: Interest of Jeremy T., State of Nebraska, Douglas County v. Nebraska Department of Health and Human Services, 257 Neb. 736, 600 N.W.2d 747 (1999).
Where the language used in a statute is ambiguous, recourse should be had to the legislative purposes. Where, because a statute is ambiguous, it is necessary to construe it, the principal objective is to determine legislative intent. Legislative intent is the cardinal rule in the construction of statutes. The reasons for the enactment of a statute and the purposes and objects of an act may be guides in an attempt to give effect to the main intent of lawmakers.
To ascertain the intent of the Legislature we examine the legislative history of the act in question.
State ex rel. Bouc v. School Dist. of City of Lincoln, 211 Neb. 731,740, 320 N.W.2d 472, 477 — 478 (1982) (internal citations omitted).
Additionally, with respect to the retroactive application of statutes:
In Nebraska, in noncriminal cases, statutes are generally not given retroactive effect unless the Legislature has clearly expressed an intention that the new statute is to be applied retroactively. Larson v. Jensen, 228 Neb. 799, 424 N.W.2d 352 (1988). See, also, Proctor v. Minnesota Mut. Fire Cas., 248 Neb. 289, 534 N.W.2d 326 (1995). This is particularly so in the case of an amendment or change to substantive matters, as opposed to changes in procedural matters which may, in some cases, impact a pending action. Denver Wood Products Co. v. Frye,202 Neb. 286, 275 N.W.2d 67 (1979); Lindgren v. School Dist. of Bridgeport,170 Neb. 279, 102 N.W.2d 599 (1960). See, also, Macku v. Drackett Products Co., 216 Neb. 176, 343 N.W.2d 58 (1984). In determining whether statutory amendments should be applied retroactively, we may look to the legislative history of the statute in general and in particular to the legislative intent, if any, regarding retroactivity. Nickel v. Saline Cty. Sch. Dist. No. 163, 251 Neb. 762, 559 N.W.2d 480 (1997).
Battle Creek State Bank v. Haake, 255 Neb. 666, 681, 587 N.W.2d 83, 92
— 93 (1998). A substantive law creates duties, rights, and obligations, whereas a procedural law prescribes the means and methods through and by which substantive laws are enforced and applied. Cheloha v. Cheloha,255 Neb. 32, 43, 582 N.W.2d 291, 300 (1998). Thus, LB 1096, § 4 is a substantive law, so it is not to be given retroactive effect unless there is a clear expression of such an intent in the legislative history.
Therefore, we are to look to the legislative history of LB 1096 to determine whether the intent was to create retroactive applicability to "funds, fees, or charges solicited, collected, or received by a volunteer (fire) department" and whether the qualifying funds collected before the effective date of LB 1096 may be claimed by the "taxing authority" supporting the volunteer fire department.
The legislative history for LB 1096 very clearly suggests that LB 1096, § 4 was amended by the Urban Affairs Committee in response to testimony at the committee hearing regarding the Bellevue Fire Department's procedure to charge for services provided, and to place those fees in a pension fund for retired Bellevue volunteer fire fighters. Committee Records on LB 1096, 100th Neb.Leg., 2nd Sess. 53-66, 85-96, 104-107 (February 5, 2008); Floor Debate on LB 1096, 100th Neb.Leg., 2nd Sess. 16-18 (February 27, 2008) (Statements of Senators Cornett and White). The Legislature expressed that its objective in adopting LB 1096, § 4 was to create "informed local control." Floor Debate on LB 1096, 3 (Statement of Senator Friend). The Legislature also intended to foster "financial transparency" with the provisions in LB 1096, § 4, in response to concerns regarding the pension plan that had been created in Bellevue. Floor Debate on LB 1096, 16 (Statement of Senator Cornett).
Despite the concern of the members of the Urban Affairs Committee for the fees having been charged by the Bellevue Fire Department in the past, and the deposit of those fees in a pension fund over which there was apparently no public oversight, there is no indication in the legislative history that the Legislature intended the provisions of LB 1096, § 4 to be retroactive. See generally Committee Records on LB 1096, 53-66, 85-96, 104-107. Without a clear expression that LB 1096, § 4 is to be retroactively applied, we cannot conclude that LB 1096, § 4 applies to all qualifying funds which may have been collected by the volunteer fire departments in the past. It is our conclusion that LB 1096 § 4 applies only to those qualifying funds collected after the effective date of the bill. As this bill contained no emergency clause, and the legislative session ended April 17, 2008, the effective date of this bill is on or about July 17, 2008. NE Const. art. III, § 27.
As we have concluded that LB 1096, § 4 was not intended to be applied retroactively, we need not address your second question.
Conclusion
Based on the above, it is our opinion that LB 1096, § 4 was not intended to be applied retroactively and applies only to qualifying funds collected after the effective date of LB 1096.
Sincerely,
 JON BRUNING Attorney General
 Natalee J. Hart Assistant Attorney General
Approved:
 ______________________________ Attorney General